DENNIS O'LEARY *et ux. vs.* WILLIAM DELANEY.

*Statute of Frauds. Assumpsit.*

Where premises are leased by the month, the rent paid, and the premises occupied, and the landlord agrees as part of the contract to make repairs, such agreement is within the Statute of Frauds.

When such agreement is made with the husband by whom the rent is paid, and to whom the promise to repair is made, an action of assumpsit cannot be maintained upon such promise by the husband and wife jointly, for its breach, and to recover damages for an injury to the wife.

Where premises are leased by the month only, and there is an agreement to repair made when the lease is made, such agreement terminates with the lease.

ON REPORT.

ASSUMPSIT by Dennis O'Leary and his wife. The declaration alleged that in consideration of the payment of eight dollars per month by Dennis, the defendant promised that Dennis and his family should occupy a certain tenement, and that he would keep in repair the premises, including an elevated foot walk leading to the wood house connected with the tenement. The breach assigned was the defendant's neglect to keep the walk in repair, whereby it fell through and greatly injured the female plaintiff.

The presiding justice ruled that the agreement set forth was within the Statute of Frauds, and could only be proved by some memorandum in writing; whereupon the parties reported the

case to the full court, with the understanding, that if the ruling was correct, the plaintiff was to become nonsuit, otherwise the case to stand for trial.

*H. L. Mitchell*, for the plaintiffs.

*W. H. McCrillis*, for the defendant.

APPLETON, C. J. This is assumpsit upon a promise made for a valuable consideration by the defendant to the plaintiff, Dennis O'Leary, and its breach.

The plaintiffs offered evidence to show that Dennis O'Leary hired a certain tenement of the defendant at the rate of eight dollars per month, provided the defendant would keep the same in repair, put new shingles on the same, and repair an elevated foot walk connected with a part of the premises, which the defendant promised to do. The breach alleged is in not repairing the foot walk, and that the plaintiff's wife in passing over the same was severely injured in consequence of its defective condition.

It is well settled that a landlord is not under any obligation to repair demised premises unless he has expressly agreed so to do. When a house is to be used there is no implied warranty that it shall be reasonably fit for habitation, or that it shall continue so. *Libbey* v. *Tolford*, 48 Maine, 316.

In the case at bar the plaintiffs offered to show that the agreement of the defendant to repair the foot walk was made at the time of making the lease and that the plaintiff, Dennis, went into possession and paid his rent punctually, but the presiding justice ruled that the contract set forth in the declaration was within the Statute of Frauds and could only be proved by some memorandum in writing.

In *McMullen* v. *Riley*, 6 Gray, 500, a similar question arose. It was then held that an oral agreement to hire a shop for a year at a certain rent and to pay the landlord the amount expended by him in fitting it up was within the Statute of Frauds and that no action could be maintained for the amount so expended. "The

parties," observed Thomas, J., "made no agreement for a lease without the fixtures, or for the fixtures except with a view to the lease. When the contract for the lease falls, the dependent stipulation as to the fixtures falls with it. *Irvine* v. *Stone*, 6 Cush., 508; *Vaughan* v. *Hancock*, 3 C. B., 766." This is directly in point and sustains the ruling at *nisi prius*.

But the action is not maintainable upon other and different grounds. It is based upon a promise by the defendant to the husband of the party injured. No contract exists between the plaintiffs and this defendant. The defendant made his promise to Dennis O'Leary from whom he received the rent and to whom alone he is responsible for any violation of his contract. The wife of O'Leary was no party to any contract with this defendant and he has made no promise to these plaintiffs jointly. The wife was no contracting party according to the allegations in the writ.

Further, the agreement made in April, 1871, was to lease the house for a specified monthly rent. The consideration paid was for a month's occupation of the premises and their repair. But the repairs were to be made while the occupation continued. The contract applied only to the term for which the property was leased. Each month, a new contract was made either express or implied, for which a new consideration was made. But it is not alleged or pretended that any new or subsequent promise was made by the defendant, and it was not declared upon.

*Plaintiffs nonsuit.*

CUTTING, WALTON, DANFORTH and PETERS, JJ., concurred.