RICHARD D. BENNETT *vs.* SARAH E. TALBOT.

Waldo.    Opinion April 24, 1897.

*Agency.    Evidence.    Jury.    Practice.*

90   229
96   196
90   229
97   535

90       229
104      255

The declarations of an agent are admissible only when the existence of the agency has been satisfactorily established by other competent evidence.

Though such declarations become evidence as parts of the res gestæ, if made in the conduct of the business intrusted to the agent, they cannot bind the principal without other evidence of the agency. And if such declarations are received de bene esse upon a promise that other proof of the agency shall be forthcoming, they will be disregarded if the promise is not fulfilled.

It is a well-established rule of procedure, in this State, that the court may properly instruct the jury to return a verdict for either party when it is apparent that a contrary verdict would not be allowed to stand on the evidence introduced.

*Held;* in this case, that the plaintiff was not employed by the defendant; nor was her son acting as her agent.

ON EXCEPTIONS BY PLAINTIFF.

The case appears in the opinion.

*J. H. and C. O. Montgomery,* for plaintiff.

*O. F. Fellows,* for defendant.

SITTING: PETERS, C. J., EMERY, WHITEHOUSE, WISWELL, STROUT, JJ.

WHITEHOUSE, J.    This is an action of assumpsit brought by the plaintiff to recover a balance alleged to be due for labor performed by him in June and July, 1893, in the construction of a wharf on land owned by the defendant in Stockton Springs. The

evidence is reported to this court on exceptions taken by the plaintiff to the ruling of the court below directing the jury to return a verdict for the defendant.

It is a well-established rule of procedure in this State that the court may properly instruct the jury to return a verdict for either party when it is apparent that a contrary verdict would not be allowed to stand on the evidence introduced. *Bank* v. *Sargent*, 85 Maine, 349, and cases cited.

After a careful examination of all the evidence reported in this case, it is the opinion of the court that the ruling of the presiding justice ordering a verdict for the defendant was undoubtedly correct, on the ground that there was no evidence presented which would authorize a verdict for the plaintiff.

It is not in controversy that the plaintiff performed the labor in question in building a wharf on the defendant's land and that he was employed by Francis T. Sargent, the defendant's son, who had charge of the work. But it is confidently urged in behalf of the defendant that she was not engaged in the granite business and had not assumed any responsibility for the construction of the wharf, and that her son Francis T. Sargent, in superintending the building of it and employing laborers for that purpose, was acting as the agent of the Penobscot Bay Granite Company and not as the agent of the defendant.

The defendant's two sons, Francis T. and W. O. Sargent, for some time prior to the transaction in question, had been engaged in conducting operations upon different granite quarries in Waldo County, and the defendant appears to have furnished the money to purchase the tracts of land in question at Stockton Springs, containing granite suitable for quarrying, and to have taken the conveyances in her own name. Subsequently she executed a lease of a part of this property to Patrick Gallagher, and a second lease of another part of it to the Penobscot Bay Granite Company. It is admitted that Francis T. Sargent was employed by Gallagher and the Penobscot Company successively, to superintend their respective operations in cutting and hauling granite, and that he was so acting as the authorized agent of the latter at the time the

plaintiff performed his labor in building the wharf, but it is denied by that company that Sargent was acting as their agent in the construction of the wharf.    The oral evidence introduced by the plaintiff only tends to show that Sargent personally employed the men to build the wharf and agreed to pay them; and the depositions of Wheeler and Edgar of the Penobscot Bay Granite Company tend to show that, "Sargent on behalf of Mrs. Talbot agreed to furnish the quarry and equip it with a road leading directly to the river in front of it, and a wharf at the end of the road on the river."    But nowhere in any of the evidence is a single word, oral or written, imputed to the defendant tending to show that she had authorized Francis Sargent to build a wharf on her credit and responsibility, or that she had any knowledge whatever of the building of the wharf.    Nor can any provision be found in either of the conveyances accepted by her, or in the leases signed by her, referring in any manner to the construction of a wharf.

It is an elementary rule of evidence that the declarations of an agent are only admissible when the existence of the agency has been satisfactorily established by other competent evidence.    "To permit the proving of the agency by proving the declarations of the agent would be assuming without proof that which is a prerequisite to the admissibility of the declaration."    2 *Wharton's Ev.* § 1183; *Hazeltine* v. *Miller*, 44 Maine, 177; *Eaton* v. *Granite State Prov. Ass'n*, 89 Maine, 58.    Though such declarations become evidence as parts of the res gestæ, if made in the conduct of the business intrusted to the agent, they cannot bind the principal without other evidence of the agency.    The court must have proof of the agent's authority to speak, before it will listen to what he has said.    And if in a report of evidence such declarations are received de bene esse upon a promise that other proof of the agency shall be forthcoming, they will be disregarded if the promise is not fulfilled.

In the case at bar such proof of agency is entirely wanting. There is no evidence that Francis T. Sargent had been accustomed to perform acts of the same general character and effect with the knowledge and assent of the defendant.    There is no evidence of

acts of prior adoption and ratification on her part, from which an authority for Sargent to build a wharf on her credit and responsibility, can be implied.` The fact that she paid the purchase money for the land affords no ground for such an inference. The fact that she was willing to aid her son by purchasing the land for cash, has no tendency to prove that she gave him unlimited authority to contract debts on her account.

But while an agent's declaration in pais are not proof of his authority to speak, he is a competent witness in court to prove or disprove the agency alleged. Accordingly Francis T. Sargent appears as a witness for the defendant. He testifies positively that he was not employed by the defendant and was not acting as her agent in the construction of the wharf, and "was never her agent in any way, shape or manner;" that he was in the employment of the Penobscot Bay Granite Company at the time of the construction of the wharf, and was expressly directed by them to build it, and was paid by them for all services rendered in that behalf.

In corroboration of this, it appears that the plaintiff and other workmen brought suit against the Penobscot Company to recover for their labor on the wharf, and that the amount due for the labor in June was thereupon paid by that company. The defendant's position is further strengthened by the letter of July 28, 1893, written by Wm. S. Edgar, treasurer and one of the directors of the company, to Geo. Carleton Comstock, its president. This distinctly impeaches Edgar's testimony given in his deposition, and appears to recognize the construction of the wharf as the undertaking of his company. It furnishes the president of the company with a statement of the "June time for the men on the wharf," and asks him to forward his share of the amount due them. Against these facts, the able and ingenious argument of the counsel for the plaintiff fails to convince us that any other conclusion than that announced in the court below would be justified by the evidence.

*Exceptions overruled.*