JOHN V. THURLOW *vs.* F. L. PERRY, and Trustee.

Oxford. Opinion September 28, 1910.

*Statute of Frauds. Contract to Purchase Land. Sufficiency of Writing.
Revised Statutes, chapter 113, section 1, paragraph IV.*

A letter admitting an oral agreement to buy land is insufficient under Revised
Statutes, chapter 113, section 1, paragraph IV, requiring such contracts to
be evidenced in writing, where it fails to set up the terms previously agreed
upon, and particularly omits any reference to the purchase price.

Under Revised Statutes, chapter 113, section 1, paragraph IV, requiring a
contract for a sale of lands to be evidence in writing signed by the party
to be charged, or his duly authorized agent, all essential terms of the con-
tract must appear, including the amount of the purchase price where the
contract contains a stipulation as to price, so that no part of the agree-
ment need be proved by parol evidence.

On agreed statement. Judgment for defendant.

Action of assumpsit, brought in the Rumford Falls Municipal
Court, Oxford County, to recover damages for breach of a contract
to purchase a farm. Plea, the general issue with brief statement as
follows: "And for a brief statement of special matter of defense,
to be used under the general issue pleaded, the defendant further
says: That neither the alleged promise contract of agreement on
which said action is brought nor any memorandum or note thereof

is or ever was in writing signed by him nor by any person by him thereto lawfully authorized." On motion therefor by the defendant, the action was removed to the Supreme Judicial Court in the same county. When the action came on for trial, an agreed statement of facts was filed and the case then reported to the Law Court for determination.

The case is stated in the opinion.

*Fred R. Dyer*, for plaintiff.

*Williamson & Burleigh*, for defendant.

SITTING: EMERY, C. J., PEABODY, SPEAR, CORNISH, BIRD, JJ.

PEABODY, J. This is an action of assumpsit for breach of contract to purchase a farm situated in Hartford, Oxford County, Maine. It was brought in the Municipal Court of Rumford Falls in said County, and on motion of the defendant was removed to the Supreme Judicial Court.

It comes before the Law Court on an agreed statement of facts.

On or about the fifteenth of September, 1908, the defendant made a verbal agreement with the plaintiff to purchase his farm and certain personal property of the value of more than $50 the price to be paid for the whole property being $2400. Subsequently several letters passed between the parties in which the plaintiff requested that a binding memorandum of the contract be made, and the statements and admissions contained in the letters of the defendant in response to these requests are relied upon as constituting a sufficient memorandum to comply with the requirements of the statute of frauds.

The principal admission so relied upon is contained in the following letter:

"Lichfield, Me., Oct. 27, '08.

Friend Thurlow;—

I arrived home this morning and received your letter. In reply will say you need not be one bit afraid. I told you I would buy your place and I shall do as I agreed. I have got a few things to do which will take me a day or two to do, and will telephone you the

night before I will meet you and Mrs. Thurlow in Lewiston. I
have been quite sick since I was away and should have been here
before, but I was not able. Hoping everything will be all right,
I remain,

Yours truly,

(Signed) F. L. Perry.<br>Care of J. F. Gilman."

The other letters contained no additional terms and add nothing
to the effect of the foregoing letter so far as it constitutes a memo-
randum under the statute.

About November 1st, 1908, the plaintiff and defendant met in
Auburn where the plaintiff tendered a warranty deed of the farm to
the defendant, who objected to receiving the deed at the time on the
ground that the premises were incumbered by mortgages of which
he was not informed at the time of the verbal agreement, and that
he wished to see the lines himself. It was arranged that the mort-
gages should be discharged and that the lines should be pointed out
to the defendant. This was done but the defendant has refused to
purchase the farm.

The two defenses are, first, that there was no meeting of the minds
of the parties in agreement, second, that there was no sufficient
memorandum of contract under the statute of frauds.

It is unnecessary to consider the first defense as the written state-
ments of the defendant do not contain all the necessary terms required
by the statute to prove a contract for the sale of lands. R. S., chapter
113, section 1, paragraph IV. The letter of October 27th, taken
in connection with the other correspondence, is sufficiently definite
in its designation of the property, which is the subject of the con-
tract, and contains a clear statement of an intention to purchase in
accordance with the terms which had been previously agreed upon,
but it fails to set out these terms and particularly omits any reference
to the purchase price. It therefore amounts to nothing more than
an admission that a verbal agreement previously made for the pur-
chase of the plaintiff's farm existed. To comply with the statute
both in letter and in spirit, as must be done to maintain the action,
it is necessary that all essential elements and terms of the contract

be made to appear in writing signed by the party to be charged therewith or by some person thereunto lawfully authorized, in order that no part of the agreement needs to be proved by parol evidence. *O'Donnell* v. *Leeman*, 43 Maine, 158; *Williams* v. *Robinson*, 73 Maine, 186; *Kingsley* v. *Siebreckt*, 92 Maine, 25.

Among such essential terms the amount of the purchase price is to be included where the contract contains a stipulation as to price. Browne on Statute of Frauds, secs. 376-381.

*Judgment for defendant.*