## HAROLD H. PURVES *vs.* JULIA A. MARTIN.

### Washington.    Opinion December 11, 1922.

*The purchaser under an oral contract for the sale of land cannot recover payments
already made, if chargeable with non-performance, the seller not being in
fault; but if the seller refuses to perform the contract, the purchaser
not being in fault can recover the payments he has made.*

In the instant case the issues, whether George A. Martin was the duly authorized
agent of his wife, the defendant, in the transaction in question; or, if not,
whether she afterwards ratified his acts, were clearly for the determination of
the jury.

Upon the other issue, whether the defendant refused to perform the contract, the
buyer not being in fault, as the plaintiff contends, or whether the plaintiff
abandoned the contract, the defendant being ready and able to perform, as the
latter contends, the record presents a square conflict of testimony, both as to
the terms of the contract and as to subsequent interviews between the plaintiff
and George A. Martin.

Questions of fact were thus presented for the determination of the jury, upon
whom is imposed the duty of judging of the credibility of the witnesses.

Assuming Mr. Martin's version of the contract to be correct, the defendant being
unable at the expiration of sixty days after September 29, 1917 to fulfill the
contract on her part, could not compel the plaintiff to then perform his part of
the contract at the peril of forfeiting what he had paid.

On exceptions by plaintiff. This is an action to recover five
hundred dollars paid by plaintiff to defendant under an oral contract
made by plaintiff with the husband of defendant for the purchase of
real estate, supposed to be owned by defendant, said sum being
paid on the day the contract was made as a deposit on the trade, and
interest on said sum. The plaintiff contended that the defendant
refused to perform the contract, and the defendant claimed that while
she was ready, willing and able to perform her part of the contract,
the plaintiff had not fulfilled his part of the contract and had aban-
doned it. At the conclusion of the evidence the presiding Justice
directed a verdict for the defendant and the plaintiff excepted.
Exceptions sustained.

The case is sufficiently stated in the opinion.

*Reed V. Jewett*, for plaintiff.

*Herbert J. Dudley*, for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, MORRILL, WILSON, JJ.

MORRILL, J. On or about September 29, 1917, the plaintiff made an oral contract with one George A. Martin, husband of the defendant, to purchase certain real estate, supposed to be owned by the defendant, and on that day paid George A. Martin five hundred dollars as a deposit on the trade. He now brings this action to recover said sum of five hundred dollars, with interest, on the ground that Mrs. Martin refused to perform the contract. The presiding Justice directed the jury to return a verdict for the defendant, and the case is before us upon plaintiff's exceptions. Two questions are presented:

1. Whether there was evidence for the jury that George A. Martin was the duly authorized agent of his wife in the transaction; or, if not, whether she afterwards ratified his acts.

These issues were clearly for the determination of the jury, especially so, in the light of the testimony of the defendant, that shortly after September 29 her husband told her "that he had made a deal with Mr. Purves and wanted to know about it," and that she did not object to it. *Roberts* v. *Hartford*, 86 Maine, 460. *Maxcy Mfg. Co.* v. *Burnham*, 89 Maine, 538.

2. Did the defendant refuse to perform the contract, the buyer not being in fault, as the plaintiff contends, or did the plaintiff abandon the contract, the defendant being ready and able to perform, as the latter contends?

The parties agree that the purchase price of the entire property was $4000, of which $2000 was to remain on mortgage; they do not agree as to when the trade was to be completed by the payment of $1500. The plaintiff says, upon preparation and execution of the papers in the course of two weeks; the defendant says, in sixty days; and her husband testifies:

"When the time was up, he (Purves) was sitting in my office, and I walked over across and says to him, 'Mr. Purves, the time is up. What are you going to do about it?' He says 'I can't do anything.' He told me previous to this that his sister was going . . . that he expected her to take hold with him; but he couldn't raise the money and that is all there was to it.

"Q.  After paying you the five hundred dollars, did he make any further tender of money?    A.    No.

"Q.  Made no offer to pay any more?

"A.  No, he never mentioned it.    He never mentioned the trade at all until I went across the hall there.    He was sitting over there by the radiator, and I walked up and asked him what he was going to do; that the time was up.

"Q.  Did Mr. Purves make any request of you to deliver him  the deeds of this property?

"A.  Never mentioned it to me."

The plaintiff squarely denies this conversation.

It is settled law that when the non-performance of an oral contract for the sale of land is on the part of the buyer, he cannot recover payments already made, the seller not being in fault; but if the seller refuses to perform the contract, the other party not being in fault can recover the payments he has made.  *Kneeland* v. *Fuller,* 51 Maine, 518; *Plummer* v. *Bucknam,* 55 Maine, 105.

The record presents a square conflict of testimony between the plaintiff and George A. Martin both as to the terms of the contract and as to subsequent interviews between them.    Aside from the state of the title hereafter to be considered, questions of fact were thus presented for the determination of the jury, upon whom is imposed the duty of judging of the credibility of the witnesses.

But the record discloses an undisputed fact not mentioned by counsel.    The witnesses agree that the entire parcel was included in the contract.    On September 29, 1917, Mrs. Martin owned only seven-undivided eighths of the property and did not acquire title to the remaining one eighth until after February 28, 1918.    Assuming Mr. Martin's version of the contract to be correct, the defendant was not able at the expiration of sixty days after September 29 to fulfill the contract on her part.    She could not compel the plaintiff to then perform his part of the contract at the peril of forfeiting what he had paid.    She could not require him to accept and pay for a defective title.    The plaintiff appears to have been disposed not to insist upon a strict performance of the contract within the time limited according to his version,—"in the course of a couple of weeks,—" and the defendant probably was entitled to a reasonable time after the contract was made in which to perfect the title.    *Dresel* v. *Jordan,* 104 Mass., 407, 414.    But the case shows that Mr. Pickard, who held

title, as Trustee, to the one eighth part lacking to complete Mrs. Martin's title, was licensed by the Judge of Probate for Washington County on November 13, 1917, to sell and convey said interest; this date is well within the sixty days limited for performance according to Mr. Martin's version of the contract, and the defendant had failed to perfect her title when her husband peremptorily demanded performance by plaintiff. There is no evidence that either she or her husband after her title was perfected offered to perform.

*Exceptions sustained.*