Bernice Colby, Pro Ami, Shirley Alley, Christine Colby

*vs.*

The Preferred Accident Insurance Company of New York.

Kennebec.     Opinion, August 26, 1935.

*Locke, Campbell & Reid,* for plaintiffs.
*Ralph W. Farris,*
*Walter M. Sanborn,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, JJ.

HUDSON, J.   The plaintiffs seek to reach and apply "insurance money" in satisfaction of judgments obtained by them severally against John Graham, minor son of Gladys Urner Graham, the "named assured" in an automobile liability policy issued by the defendant.

On July 27, 1934, they were injured in an accident while the insured automobile was being driven by the son. The policy provided that:

"The unqualified word 'Assured' includes not only the named Assured but any other person using and having a legal right to use any such automobile, . . . provided that such use is with the permission of the Named Assured, . . . ."

Section 178 of Chapter 60, R. S. 1930, provides that:

"Whenever any person, . . . recovers a final judgment against any other person, firm, or corporation, for any loss or damage specified in the preceding section, the judgment creditor shall be entitled to have the insurance money applied to

the satisfaction of the judgment by bringing a bill in equity, in his own name, against the insuring company to reach and apply said insurance money; provided that when the right of action accrued the judgment debtor was insured against said liability, and that before the recovery of said judgment the insuring company had had notice of such accident, injury, or damage; . . . ."

The defendant was seasonably given the required notice and defended John. It now denies liability to pay these judgments. These actions were heard by a single Justice, who found that the "plaintiffs failed to prove such permission" but that the "defendant did assume the defense of the cases against John Graham in the Court below, without any reservation as to coverage and with knowledge of the facts; also that no notice was given plaintiffs at the time of the trial that such a defense was to be made" and held "as a matter of law that by so doing it is now estopped from setting up lack of coverage at the present time or has waived its right to make such defense . . . ."

From the decrees based on said findings of fact and law the defendant appealed.

"As a general rule, one who suffers injury which comes within the provisions of a liability insurance policy, is not in privity of contract with insurer, and can not reach the proceeds of the policy for the payment of his claim by an action directly against insurer, unless such recovery is permitted by statute, or by the express provisions of the policy." 36 C. J., Sec. 129, pages 1129 and 1130.

The plaintiffs base their rights both upon statute and this provision in the policy:

"If any person . . . shall obtain final judgment against the assured because of any such injuries. . . . if such judgment is not satisfied within thirty days after it is rendered, then such person or his legal representatives may proceed against the company to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto."

Was John's use of the automobile (admittedly the one described in the policy) covered? Yes, if "with the permission of the named assured," his mother.

The Justice below found that in fact he did not have such permission but held that this defendant, because of its conduct, was not in a position to set up this lack of coverage.

The decision, then, depends upon the application of the law of estoppel or waiver, or election, to the facts herein. Counsel have stated the issues to be:

1. Were plaintiffs required to plead estoppel or waiver?

2. Did plaintiffs fail to prove judgment debtor was insured against liability by defendant?

3. Was the finding that defendant was estopped or had waived defense of non-coverage justified in fact and in law?

These we will consider seriatim.

1. The plaintiffs in their bills, based either on this remedial statute or on the promise in the policy, alleged all matter necessary of proof. So alleged were the recovery of the final judgments, their non-payment; the negligent operation of the automobile covered by the policy, its ownership in the assured, and its use with her consent; and that "when the right of action represented by the aforesaid judgment accrued, the judgment debtor," John, "and the automobile, which he was operating and which caused the damage and injury . . . were insured against the liability upon which said judgment is based," and finally, that "before the recovery of said judgment said defendant insuring company had had notice of such accident, injury and damage." The defendant, answering, denied the consent and alleged that it never "issued a policy insuring said judgment debtor against liability." Then the plaintiffs, in full compliance with our equity practice, had only to and did file formal replications.

". . . Estoppels are of two kinds, viz.: those technically such, as by deed, etc., which must be pleaded, to make them absolutely such, and those in pais, which, though not pleaded, may be given in evidence, so as to operate as effectually as those technically such." *Rangely* v. *Spring*, 28 Me., 127, 143.

At common law an estoppel in pais need not be pleaded. 21 C. J., 1241, Sec. 248.

In *Miller* v. *Union Indemnity Company*, 204 N. Y. S., 730, in which in defense it was claimed there was non-coverage, not because of lack of permission but of cooperation, it was held that the plaintiff in framing his complaint need not anticipate that the defendant would claim non-cooperation as a defense and so plead facts showing the waiver of such a defense. The defense of non-cooperation is an affirmative one on which the insurer carries the burden of proof. *United States Fidelity and Guaranty Company* v. *Remond*, 129 So., 15 (Okla.) ; *Francis* v. *London Guarantee & Accident Company*, 138 Atl. 780 (Vt.) ; *Cowell* v. *Employers' Indemnity Corporation*, 34 S. W. (2d), 705 (Mo.).

When these plaintiffs drew their bills alleging permission, they were not chargeable with knowledge that the defendant would deny it and thus coverage. They were not bound to anticipate that such a defense would be made. Their allegations, conforming to the provisions of the statute and the terms of the policy, stated cases sufficient for equitable relief. The defendant, however, in denying permission and thus putting it in issue, gave the right to the plaintiffs to prove that the defendant was estopped to deny permission. To such answers the only duty of the plaintiffs in pleading was to file replications, in accordance with Equity Rule XVII, which provides:

"The replication shall state in substance that the allegations in the bill are true and that those in the answer are not true."

This they did.

The following language from *Mabee* v. *Continental Casualty Company*, 219 Pac., 598, 602, 37 Idaho 667, is pertinent:

"It is finally contended that the evidence of waiver was not admissible in the absence of an allegation of waiver in the plaintiff's complaint. Aside from the fact that it was not so much a waiver as an estoppel upon which respondent relied, it was the appellant who first alleged this provision of the policy

and its breach as an affirmative defense. No replication thereto was required under our system of pleading. The tender of this issue by the affirmative answer joined the issue, and the respondent, under the issue so joined, was entitled to avail herself of all defenses which she could command, whether they consisted of matters of mere denial or admitted the facts as pleaded and sought to avoid the same by reason of waiver, estoppel or other legal reason."

We see no distinction in a situation where there is no provision for a replication and one in which the replication, expressly provided for by statute, is made.

It is argued by the defense that the introduction of this testimony as to estoppel prejudiced it as surprise testimony; if so, its remedy was to ask for a continuance. Had the facts, however, claimed to constitute the estoppel, been alleged, namely, that the defendant assumed the defense in the original actions without reservations, it would have been apprised of nothing it did not already know.

2. It was incumbent upon the plaintiffs to prove that the judgment debtor was insured against liability by this defendant, unless by its conduct it had excused the necessity of such proof. The defense contends that inasmuch as the Justice below found as a fact that there was no permission of operation of this car by John, that that in and of itself was a finding of non-coverage and hence recovery could not be had either under the statute or by the terms of the policy. This contention, however, it seems to us, is based on a mistaken conception of the finding of the Justice and is only a partial statement of it. He found not only that the plaintiffs failed to prove the permission but that the defendant assumed the defense of these actions without any reservation as to coverage and with knowledge of the facts and that no notice was given the plaintiffs at the time of the trial that such a defense was to be made. We believe that he held correctly that on these facts the defendant was estopped from setting up lack of coverage which is an affirmative defense. Under these circumstances, the burden of proof of noncoverage was on the defendant. *Francis* v. *London Guarantee and Accident Co., Ltd.*, 138 A., 780; *U. S. Fidelity and Guaranty Com-*

*pany* v. *Remond,* 129 So., 15 (Ala.) ; *Cowell* v. *Employers' Indemnity Corp.,* 34 S. W. (2d), 705, 72 A. L. R., 1453 (IV).

The plaintiffs might safely assume that the defendant would not rely upon requirement of proof, which it had waived or which it was estopped to deny. *German Insurance Co.* v. *Shader,* 93 N. W., 972 (Neb.) ; *Levy* v. *Peabody Ins. Co.,* 27 Am. Rep., 598 (W. Va.). If the facts warranted the finding that there was an estoppel or waiver, there was sufficient proof as a matter of law that John Graham was insured against liability. The plaintiffs had John's rights and any estoppel or waiver inuring for his benefit, obtained for them. *Daly* v. *Employers' Liability Assurance Corp., Ltd., et al.,* 269 Mass., 1, 4, 168 N. E., 111.

"... That which operates as a waiver or estoppel in favor of the assured, supposing an action upon the policy had been brought by him, also operates as a waiver or estoppel in favor of the injured person." 72 A. L. R., 1506, and cases cited therein.

3. The record discloses facts which warranted the finding below that there was an estoppel or waiver. The defendant company assumed the defense of the original actions and conducted it throughout. Counsel for the plaintiffs testified that at a conference in Chambers before the original trial the attorney for this defendant stated that "as far as the coverage was concerned it was all right." No refutation of this testimony was offered. That statement carried with it an admission by implication either that the defendant knew that there was permission or, if not, that it raised no question in regard to it. It might well have reasoned that permission being in dispute, it rather acknowledge it and defend than forego its right to assume and conduct the defense. With no consistency whatever, could the defendant say, "John is covered by the policy and so we will defend," then defend, and subsequently say, "having defended, we will not now pay the judgments because John was not covered." It is not claimed that the defendant in assuming the defense reserved or attempted to reserve any right to defend against payment of these judgments. Defendant's counsel contends, however, that there was no direct testimony in the case that warranted the finding by the Justice below that there was no such

reservation. But the fact of the assumption of the defense, (and there was no right to assume the defense unless there was coverage) justified the finding as an inference from facts proven that there was no reservation.

". . . where as insurance company takes control of the proceedings in an action brought against the assured, it is thereby estopped to say that the liability claimed is not within the terms of the contract." *Lunt* v. *Aetna Life Ins. Co. of Hartford*, 261 Mass., 469, 472, 473, 159 N. E., 461; *Daly* v. *Employers' Liability Ins. Corp., Ltd.*, supra.

Defending without reservation was entirely inconsistent with non-coverage.

"When confronted with this situation, assuming that the alleged defense was valid, the defendant was put to an election. It could stand on its defense and refuse to go on, or it could abandon such defense and conduct the insured's side of the action. It could not do both. The choice of the latter course was inconsistent with the maintenance of the claim of no liability." *Miller* v. *Union Indemnity Company*, supra, on page 732.

"When an insurance company or its representative is notified of loss occurring under an indemnity policy, it becomes its duty immediately to investigate all the facts in connection with the supposed loss as well as any possible defense on the policy. It can not play fast and loose, taking a chance in the hope of winning, and, if the results are adverse, taking advantage of a defect in the policy. The insured loses substantial rights when he surrenders, as he must, to the insurance carrier the conduct of the case. . . . The estoppel to assert the breach of warranty as to title is no higher in right than an estoppel generally to deny that the claim came under the policy. In effect, both are of equal merit. With a little diligence and within a brief time, the carrier could have procured the exact knowledge on which it now relies, and in most cases may similarly prepare a defense. Here an inquiry from public officials,

at the State Capitol, would have revealed plaintiff's exact relation with regard to ownership. With these facts before it,, had they been deemed sufficient, it could have declined to defend the case, resting its right on the supposed breach of warranty; in deciding what course it should pursue, it is guided as any person confronted by similar circumstances; but,. once having made its decision, the rights of others in relation thereto can not be prejudiced." *Malley* v. *American Indemnity Corporation*, 146 A., 571, 573 (Penna.).

Again, in *Francis* v. *London Guarantee and Accident Company,. Ltd.*, 138 A., 780, 781, it is stated:

"It has come to be well established in the law of insurance that forfeitures of policy contracts are not favored and that to avert the same courts are always prompt to lay hold of any circumstance that indicates an election to waive a forfeiture already incurred. So it is that an insurer who, with full knowledge, elects not to take advantage of a forfeiture, is thereby bound to treat the contract as if no cause of forfeiture had occurred. . . . It deliberately took the chance of a trial, and it was only after a verdict was rendered adverse to its interest that it made any claim that it was released from liability. . . . This action was so inconsistent with a purpose to assert the forfeiture and so convincing of an intent to waive it that it must be held to amount to a waiver as matter of law."

In *Horn* v. *Commonwealth Casualty Co.*, 147 A., 483 (N. J.), the Court stated:

"The defendant by its policy covered the car which injured the plaintiff. It defended the suit growing out of the accident over a period of years. It is now too late for it to say that there is no proof of the permission by the named assured, or some member of her household, for the operator of the car on the day of the accident to use the same. The defendant company by its very act has solemnly and in a court of law admitted the point. Its conduct is proof of the fact and the trial court could not have found otherwise."

Even where the insurer's attorney stated, "Although there is no obligation upon us to do so, we are appearing for you in this case," it was held that an assumption of the defense constituted a waiver or estoppel. *Peterson* v. *Maloney, et al.*, 232 N. W., 790 (Minn.). Also see *Automobile Underwriter's Ins. Co.* v. *Murrah*, 40 S. W. (2d), 233; *Meyers* v. *Continental Casualty Co.*, 12 Fed. (2d), 52; *Constitutional Indemnity Co.* v. *Beckham, et al.*, 289 Pac., 776 (Okla.); *Royle Mining Co.* v. *Fidelity and Casualty Company of New York*, 103 S. W., 1098; *Tozer* v. *Ocean Accident and Guarantee Corp. of London, England, Ltd.*, 103 N. W., 508 (Minn.); *Fairbanks Canning Co.* v. *London Guaranty and Accident Company*, 133 S. W., 664 (Mo.).

Counsel for the defendant objected that there could be no estoppel because it did not appear that the defendant's conduct had changed the position of the plaintiffs. As to this, we quote this language in the last cited case, on page 667:

> "Who can say what plaintiff might have done in its own behalf had it not been ousted from control and direction of the defense. . . . If a man is to bear the burden of the result of a defense to an action, it is his privilege to have his own personality appear in its course. He is entitled to have the results measured up to him and not to some other. . . . The loss of the right to control and manage one's own case is itself a prejudice. . . . One must be presumed to have been prejudiced by such conduct, and need not be put to the proof that it could have achieved better results had there been no interference." Also *Humes Const. Co.* v. *Philadelphia Casualty Co.*, 79 A., 1 (R. I.); *Malley* v. *American Indemnity Corp.*, supra.

A study of the cases above cited and others reveals that the great weight of authority holds that an insurance company by assuming and conducting the defense of the main action, both for the owner of the car and the driver, with knowledge of all the facts and without reservation, can not defend against liability to pay the judgment obtained in the action so defended.

> "The liability is variously referred to the ground of waiver, or estoppel, or waiver in the nature of estoppel, or a contem-

poraneous construction of the contract, or an election by the insurer, or an estoppel by election—all of which terms are at times used. Courts have approached the question from different angles, have used different phraseology, and have criticized that of others, but have reached the same result whatever they named their route, and, although we appreciate the advantage of correct distinctions, especially in waiver and estoppel, as noted in *Vance on Insurance* (2d Ed.), p. 457 et seq., the thing itself which fixes the serious rights of the parties is more important than its name." *Oehme* v. *Johnson, et al.*, 231 N. Y., 817 (Minn.).

We perceive no error in findings of fact or law in the decrees appealed from. The entry must be,

*Appeals dismissed.*