CARLETON S. BARRETT *vs.* THOMAS H. GREENALL.

York.    Opinion, July 21, 1942.

*Hugh W. Hastings,*

*Frank S. Piper,* for the plaintiff.

*Willard & Willard,* for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

MURCHIE, J. This case comes to the Court on exceptions by the plaintiff to the action of the justice presiding in the Trial Court in directing a verdict for the defendant at the close of the plaintiff's evidence, and a single exception to an evidence ruling which it is not necessary to consider.

Plaintiff's declaration, as amended, sets forth in two counts, one of which is a general omnibus count with a specification that reiterates the allegations of the other as to the sum of $300 paid by him to the defendant on named dates, that an oral or verbal contract for the sale of a cottage and lot by the defendant to the plaintiff at a price of $1200 was entered into in June, 1939, when $100 was paid as a deposit or partial payment thereon and possession taken (there being no allegation that a time was then fixed for payment of the balance); that thereafter a further payment of $200 was made to apply on the purchase price, and the expiration date fixed at "on or before September 21, 1940"; and that on said expiration date, the defendant verbally notified the plaintiff that he had sold the property to a third party and "then refused to complete" the transaction although the plaintiff was "prepared and ready to pay the balance" of the agreed purchase price.

As originally written, the count wherein the details of the alleged contract between the parties were set forth contained additional allegation that two weeks prior to the closing day aforesaid,it was orally agreed that plaintiff would relinquish his trade provided the defendant could sell the property for $1500, and would, in the event of such a sale, repay to the plaintiff that sum of $300 which represented the deposits he had theretofore made, plus $150 or one-half the difference between the two named prices. The count, as amended, is limited to a declaration seeking recovery of the $300 alleged to have been paid in partial payment of the agreed purchase price. There is no allegation that plaintiff ever made a sufficient tender of the unpaid balance to the defendant, accompanied by demand for a conveyance, but allegation is that prior to the agreed expiration date the defendant verbally notified him that the "property had been sold to others."

The pleadings are somewhat confused because the defendant, at the term when plaintiff was allowed to amend his declaration, filed a specification of defense in which the original oral agreement and the receipt of $100 as a deposit thereon was admitted, with a period of two months allowed for payment of the balance, as were the facts of an extension of time to June 1, 1940, and the later payment of $200 which, however, was asserted to have been paid after the extended expiration date, as rental, although it was to apply on the purchase price if plaintiff should still wish to purchase the property (there being no new assignment of an expiration date), whereas later, and before issue was framed, he filed amended pleadings in which he set up the Statute of Frauds as a bar to plaintiff's action on each count in his declaration as amended. While not material to the issue, his original specification carried denial that the premises had been sold to a third party and asserted that title thereto was still held by him.

It is undoubted on the record that the parties did make an oral contract for the sale of land which is unenforceable under the provisions of Paragraph IV of the Statute of Frauds, R. S.

1930, Chap. 123, Sec. 1; that the property involved was a cottage and lot with a lake frontage of 125 feet and a depth of approximately 100 feet; that the plaintiff as the intended purchaser paid $100 to the defendant as the intended seller and entered into possession of the property at the time the trade was made; and that the agreed price was $1200. It is equally clear that no written memorandum or note sufficient to satisfy the requirements of the statute was signed by the party to be charged therewith, *Williams* v. *Robinson,* 73 Me., 186, 40 Am. Rep., 352; *Kingsley* v. *Siebrecht,* 92 Me., 23, 42 A., 249. In point of fact, a sufficient memorandum was not then possible since one essential term, i.e., the time for payment of the balance and completion of the transaction, had not been agreed upon between the parties.

On these facts the agreement between the parties was unenforceable in law if defendant, as he did, should interpose the statute as a bar to action, *Lawrence* v. *Chase,* 54 Me., 196; *Farwell et al.* v. *Tillson,* 76 Me., 227; *Thurlow* v. *Perry et al.,* 107 Me., 127, 77 A., 641; and the same thing is obviously true of the subsequent agreement for cancellation of the original trade and a division of the profit to be realized in selling the property to a third party at an increased price. If plaintiff was seeking merely to collect half of that profit, or to recover the money paid by him on account of the agreed purchase price *on the basis of the defendant's verbal promise* to repay it which was alleged in the original declaration to be a part of the revised oral contract between the parties, a directed verdict would have been entirely proper. Ample authority is found to support the rule, as is stated in *Heath* v. *Jaquith,* 68 Me., 433, at 436, that:

> "if the party having the burden of proof . . . introduces no evidence which, if true, giving to it all of its probative force, will authorize the jury to find in his favor, the judge may direct a verdict against him,"

or, as later phrased:

"when it is apparent that a contrary verdict could not be sustained,"

*Market and Fulton National Bank* v. *Sargent,* 85 Me., 349, 27 A., 192, 35 Am. St. Rep., 376. See also *Bennett* v. *Talbot,* 90 Me., 229, 38 A., 112; *Coleman* v. *Lord et al.,* 96 Me., 192, 52 A., 645.

Such, however, is not the purport of the issue upon the amended pleadings and record of the evidence presented. The rule of law is well established that an intended purchaser of land under an oral contract which is unenforceable because of the Statute of Frauds, who has paid a part of the purchase price, when the statute is interposed by the other party as a defense and that party has breached the contract and made performance on his part impossible by divesting himself of title to the property which was the subject matter of the trade, may recover that portion of the purchase price which he has paid in reliance on the contract, *Richards* v. *Allen,* 17 Me., 296; *Greer* v. *Greer,* 18 Me., 16; *Kneeland* v. *Fuller,* 51 Me., 518; *Plummer et al* v. *Bucknam,* 55 Me., 105; *Jellison* v. *Jordan,* 68 Me., 373; *Purves* v. *Martin,* 122 Me., 73, 118 A., 892; and under this rule such a party, when his payment on account has been made in kind by the conveyance of other land, has been held entitled to recover the value of the land so conveyed, *Bassett* v. *Bassett,* 55 Me., 127. In *Purves* v. *Martin,* supra, the issue arose, as in the present case, on exceptions by the plaintiff to the direction of a verdict for the defendant by the justice presiding.

The record discloses that each and every item of proof necessary to establish the plaintiff's right to recover such part of the agreed price as he had paid in partial fulfillment of the contract is supported by evidence which, if believed by the proper trier of the fact, would be sufficient to satisfy the burden of proof resting upon him. Point was made in cross-examination of the plaintiff, and in the argument of defendant before this Court, that no demand had ever been made upon the defendant for a conveyance of the property contracted for, ac-

companied by a proper and sufficient tender of the unpaid portion of the purchase price. The plaintiff asserts in his testimony, however, in accordance with his declaration, that on the day when his right to complete the trade was to expire, he called upon the defendant, taking with him a certified check payable to the defendant for the unpaid balance. The check was not tendered but, accepting the interpretation of counsel for the defendant that even if its delivery had been offered it would not have represented a proper tender, his failure in this regard is not material if his evidence is believed, since decided cases establish the rule that neither tender nor demand is necessary when the facts disclose that either would be a useless ceremony because the party on and to whom demand and tender should normally be made has, by disposal of the property, "by his own act, deprived himself of the power of fulfilment" of his part of the trade, *Richards* v. *Allen*, supra; *Greer* v. *Greer*, supra. Such action entitles the intended purchaser to recover his payments exactly as if the non-fulfillment of the contract was due to refusal on the part of the vendor, *Kneeland* v. *Fuller*, supra; *Plummer* v. *Bucknam*, supra; *Jellison* v. *Jordan*, supra; and in the case of *Purves* v. *Martin*, supra, the fact that the seller was not possessed of full title to the property on the date when it was agreed the trade should be consummated was held to carry like effect.

The principle of law which controls the action of this Court, when exceptions are presented to test the propriety of a nonsuit or a directed verdict for the defendant in the Trial Court, is to determine only whether upon the evidence under proper rules of law "the jury could properly have found for the plaintiff," *Johnson et al* v. *New York, New Haven and Hartford Railroad et al.*, 111 Me., 263, 88 A., 988; and in determining that issue, the evidence must be considered in that light which is most favorable to the plaintiff, *Shackford* v. *New England Tel. and Tel. Co.*, 112 Me., 204, 91 A., 931. The issue here is not whether the evidence adduced is sufficient to establish the controverted facts, but whether or not it has a tendency to

establish those facts, and if this is so, although "it may not be strong in its support, and the Judge may well apprehend, that the jury will find it insufficient," the Court has no "right to weigh it, and determine its insufficiency as matter of law." *Sawyer* v. *Nichols*, 40 Me., 212. It is the province of the jury, and not of the justice presiding in the Trial Court, to judge of the testimony of the witnesses appearing in the cause and to weigh their evidence, *Sweetser* v. *Lowell et al.*, 33 Me., 446; *Blackington* v. *Sumner et al.*, 69 Me., 136. The credit to which the testimony of a witness is entitled is entirely a question of fact for decision by the jury. *Parsons* v. *Huff*, 41 Me., 410.

Examination of the reasons assigned by the justice in the Trial Court for his action in directing a verdict in the instant case discloses that he overlooked the rule of law which should here control and based his decision entirely on the assumption that plaintiff's claim was for recovery under a verbal contract, which he rightly decided was not evidenced by any memorandum in writing sufficient to satisfy the requirements of the statute which had been pleaded in bar. Plaintiff in the course of the trial introduced in evidence two writings signed by the defendant acknowledging receipt of the two sums of $100 and $200 respectively which are alleged in his declaration. Decision as matter of law that neither was sufficient to take the case without the operation of the Statute of Frauds was obviously correct, but the plaintiff was entitled to have the proper trier of the fact determine the issues as to whether or not the money paid by him to the defendant represented payments on account of the purchase price in reliance on the oral contract, and whether or not the breach of that contract originated in his failure or inability to pay the balance, or in the action of the defendant in making performance on his part impossible by divesting himself of title, or even if the latter recital is not entirely true, in making statements to the plaintiff which would justify his belief of that fact.

A directed verdict under the circumstances obviously represents reversible error, and it is therefore unnecessary, as al-

ready noted, to consider plaintiff's exception on the evidence ruling.

The mandate will be

*Exceptions sustained.*