**Donald G. WILSON and Allison A. Loring**

**v.**

**Michael J. STRONG.**

Supreme Judicial Court of Maine.

Argued May 6, 1983.

Decided April 13, 1984.

Harmon, Jones & Sanford, John J. Sanford (orally), Camden, for plaintiffs.

Eaton, Glass, Marsano & Woodward, Francis C. Marsano (orally), Belfast, for defendant.

Before GODFREY,* ROBERTS and WATHEN, JJ., and DUFRESNE and ARCHIBALD, A.R.JJ.

ROBERTS, Justice.

Michael J. Strong appeals from a judgment entered in Superior Court, Knox County, following a jury verdict in favor of the plaintiffs, Donald G. Wilson and Allison A. Loring. Strong contends, *inter alia,* that a verdict based upon promissory estoppel is improper because that theory of recovery was not raised in the complaint. We vacate the judgment and remand to the Superior Court.

The plaintiffs own, as cotenants, the land and building in question. The plaintiffs had constructed the building allegedly for the defendant to use as a lobster storage facility. Before construction of the building, the parties had allegedly negotiated a lease agreement under which the defendant had agreed to lease the building from the

plaintiffs. Strong gave the plaintiffs a $2,500 deposit, but he never signed the lease. The building was completed before Christmas 1980 allegedly pursuant to Strong's specifications. Strong never occupied the premises and never paid any of the rent due under the unsigned lease.

The plaintiffs sued Strong specifically for breach of the lease agreement. The case went to trial based on that complaint. Once the evidence had been submitted to the jury, the plaintiffs requested instructions on the doctrine of promissory estoppel. The court instructed the jury on that doctrine despite Strong's objection. The jury returned a $15,000 verdict in favor of the plaintiffs, allowing the defendant credit for a $2,500 deposit.

Under M.R.Civ.P. 8,[1] the complaint is to afford defendant "fair notice of the claim." *See Casco Bank & Trust Co. v. Rush,* 348 A.2d 239, 241 (Me.1975) citing 1 Field, McKusick & Wroth, *Maine Civil Practice* § 8.1 at 192–93 (1970); *see also E.N. Nason, Inc. v. Land-Ho Development Corp.,* 403 A.2d 1173, 1177 (Me.1979); *Doane v. Pine State Volkswagen, Inc.,* 377 A.2d 481, 484 (Me.1977). Rule 8(a) requires that the complaint contain a short and plain statement of the claim.

Count I of the complaint alleged that on October 22, 1980, the plaintiffs and the defendant entered a lease agreement and that "the defendant, despite demands, has refused, and continues to refuse to pay to the plaintiffs the sums due under the lease agreement." Count II of the complaint alleged that:

[O]n or about October 22, 1980, the plaintiffs and the defendant entered into an agreement whereby the plaintiffs agreed to construct a warehouse on land owned

---

* Godfrey, J. sat at oral argument and participated in the initial conference but retired before this opinion was adopted.

1. RULE 8. GENERAL RULES OF PLEADING
   (a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

by the plaintiffs ... such building to be to specifications of the defendant. An essential term of said agreement was that the defendant agreed to lease the said building for forty-eight (48) months, commencing December 1, 1980 and terminating November 30, 1984 for a rental payment of One Thousand Dollars ($1,000.00) per month plus annual consumer price index increases....

The unsigned agreement was attached to the complaint as Exhibit A. Strong filed an answer denying the allegations made in the complaint. As an affirmative defense, the defendant claimed the Statute of Frauds barred the action. The defendant also filed a motion to dismiss pursuant to M.R.Civ.P. 12(b)(6).

The complaint raises a legal claim, breach of a lease agreement. Under the circumstances of this case, a claim based upon promissory estoppel is an equitable claim. *See Chapman v. Bomann*, 381 A.2d 1123, 1126–27 (Me.1978) (citing *LaGrange v. Datsis*, 142 Me. 48, 53, 46 A.2d 408, 410 (1946)). The complaint does not assert an equitable claim. Moreover, the complaint did not assert sufficient facts to support a claim of promissory estoppel. The elements of promissory estoppel include:

A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injus-

tice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires. *Restatement (Second) of Contracts* § 90 (Tent. Draft Nos. 1–7, 1973), *cited with approval in Chapman*, 381 A.2d at 1127. Under Rule 8, therefore, in this case the complaint which raises a legal claim cannot be read to include a claim for relief based upon the equitable doctrine of promissory estoppel.[2]

Under M.R.Civ.P. 15(b), however, issues not raised in the pleadings may be tried by express or implied consent of the parties. Rule 15(b) also provides that upon an objection at trial that evidence is not relevant to any of the issues raised by the pleadings, the court may permit amendment of the pleadings unless the objecting party can show prejudice to the merits of his case.[3]

The pretrial memorandum submitted by the plaintiffs indicates that they were asserting a legal theory. The plaintiffs did not demand a jury trial. Relying upon the plaintiffs' formulation of the issue, the defendant in his pretrial memo framed the legal issue as "whether a lease exists on which damages can be sought." In addition, the defendant in his pretrial memo requested a jury trial for the legal claim. Further, the defendant considered the plaintiffs' case as "a very unusual legal issue which should be dismissed."

At the pretrial conference, the court addressed the defendant's motion to dismiss pursuant to M.R.Civ.P. 12(b)(6), alleging

---

**2.** In *Colby v. Preferred Accident Insurance Co. of New York*, 134 Me. 18, 22–23, 181 A. 13, 15 (1935), the Court held that a plaintiff who followed the Rules of Equity by filing a replication was not required to include the claim of equitable estoppel in his bill. The *Colby* case is distinguishable from this case because it was decided before the procedural merger of law and equity.

**3.** Rule 15(b) provides in full:

(b) **Amendments to Conform to the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the

evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

that this breach of contract action was barred by the Statute of Frauds, 33 M.R.S.A. § 51(4) and (5) (1978),[4] because he, the party to be charged, had not signed the agreement.[5] The court denied the motion. Also at the pretrial conference, the court framed the *legal* issue as "was there a contract for a lease made." The court also ordered the attorneys to submit trial briefs on the damage issue.

■ Although plaintiffs did not submit a brief,[6] the defendant did submit a brief in which he again asserted the Statute of Frauds as a legal defense to a legal issue. In addition, the defendant anticipated that the plaintiffs might attempt to assert the doctrine of promissory estoppel to avoid the Statute of Frauds defense. In the brief, the defendant objected, arguing that the plaintiffs may not rely on that doctrine because the pretrial order did not include such a claim.

In their opening at trial, the plaintiffs framed the theory of recovery as based upon a breach of an agreement rather than promissory estoppel. Likewise, the defendant in his opening statement said that he would be defending a breach of contract claim. At the end of the trial, the plaintiffs requested an instruction on the doctrine of promissory estoppel. Although that was the first time that the plaintiffs raised any such issue, the judge instructed the jury on that doctrine. After the charge, the defendant again objected arguing that the plaintiffs had not raised a promissory estoppel claim in the pleadings and therefore

a jury verdict based upon such a doctrine would be improper.

Under these circumstances, not only did the defendant object to the promissory estoppel issue but he has also been prejudiced thereby. M.R.Civ.P. 15(b). "We test defendant's claim of prejudice by examining whether he had a fair opportunity to defend and 'whether he could offer any additional evidence if the case were to be retried on a different theory.'" *Bouchard v. Jacques*, 370 A.2d 680, 682 (Me.1977); *see also Blue Spruce Co. v. Parent*, 365 A.2d 797, 802 (Me.1976).

From the very beginning of this action, the plaintiffs asserted a legal claim. Relying upon the legal claim as framed, the defendant demanded a jury trial and planned and prepared for a trial based upon breach of contract. The record before us demonstrates the plaintiffs first asserted the doctrine of promissory estoppel when they requested a jury instruction based upon that theory.

■ We note that defense counsel had recognized in the early stages of this litigation that the plaintiffs might be relying upon the doctrine of promissory estoppel and, therefore, he anticipated that the issue might be raised at trial. The fact that defense counsel was alert, however, does not excuse the failure of plaintiffs' counsel to appreciate the necessity of amending the complaint. The elements of a claim based upon promissory estoppel differ from those of a breach of contract claim. Consequently, the evidence relevant to such claims

---

**4.** 33 M.R.S.A. § 51 provides, in part:

> No action shall be maintained in any of the following cases:
>
> . . . .
>
> 4. **Contract for sale of land.** Upon any contract for the sale of lands, tenements or hereditaments, or of any interest in or concerning them;
>
> 5. **Agreement not to be performed within one year.** Upon any agreement that is not to be performed within one year from the making thereof; unless the promise, contract or agreement on which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged

> therewith, or by some person thereunto lawfully authorized. . . .
>
> *See O'Leary v. Delaney*, 63 Me. 584, 585–86 (1874) (Statute of Frauds rule regarding contract for sale of land applies to leaseholds).

**5.** *Barrett v. Greenall*, 139 Me. 75, 78, 27 A.2d 599, 600 (1942); *Thurlow v. Perry*, 107 Me. 127, 130, 77 A. 641, 642 (1910).

**6.** We vigorously condemn the plaintiffs' disregard of a pretrial order which is tantamount to waiving objection to any ruling the trial court might make. *Stanley v. Schiavi Mobile Homes, Inc.*, 462 A.2d 1144, 1146 n. 2 (Me.1983).

may be quite different. In addition, evidence supporting an equitable claim is presented to a judge and not to a jury.

We hold that, in the circumstances of this case, to submit the equitable claim to the jury was prejudicial error. The defendant never consented to try the issue. Rather, believing that the plaintiffs' theory of recovery was based upon a legal claim, he developed his trial strategy on the basis of that belief. The verdict based upon a theory of promissory estoppel must be set aside.

The entry is:

Judgment vacated.

Case remanded to the Superior Court for further proceedings consistent with the opinion herein.

WATHEN, J., and DUFRESNE and ARCHIBALD, A.R.JJ., concurring.