No. 37,028

WAYNE SNEDKER, by his mother, his natural guardian, and next friend, LORENA SNEDKER, *Appellee*, v. THE DERBY OIL COMPANY, INC., L. R. BONTRAGER and GLEN STRIPLIN, Defendants, THE EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD., Garnishee, *Appellant*.

(192 P. 2d 135)

Opinion filed April 10, 1948.

*Roy C. Davis* and *Frank S. Hodge,* both of Hutchinson, argued the cause, and *Eugene A. White, Robert Y. Jones,* and *Newlin H. Reynolds,* all of Hutchinson, were with him on the briefs for the appellant.

*Abraham Weinlood,* of Hutchinson, argued the cause, and *Don Shaffer,* of Hutchinson, was with him on the brief for the appellee.

The opinion of the court was delivered by

Hoch, J.: This appeal presents the question, arising in a garnishment proceeding, whether under the facts shown, the garnishee, an insurance carrier, could be held liable on its automobile accident policy to the judgment debtor in an action for damages. The garnishor prevailed and the garnishee appeals.

The facts in the damage action may be briefly stated. The plaintiff was Wayne Snedker, a minor, the action being brought by his mother and next friend. There were three defendants, the Derby Oil Company, L. R. Bontrager, and Glen Striplin. Bontrager was running a filling station in Hutchinson for the Derby Oil Company. Striplin was an employee. The petition alleged that Striplin, driving a delivery tank wagon or truck, as an employee and agent of the other two defendants, and being intoxicated, negligently ran his truck into Snedker, who was riding a motorcycle, and severely injured him. In their answer the defendants denied that Striplin was acting as an agent or employee of Bontrager or the Derby Oil Company, and further alleged that if plaintiff sustained injury, it was the result of his own contributory negligence. At the conclusion of plaintiff's evidence, Derby and Bontrager demurred to the evidence and the demurrers were sustained. The trial proceeded as against Striplin, and the jury returned a verdict for the plaintiff for $5,000.

About a month after the judgment, the plaintiff filed a garnishment action against the Employers Liability Assurance Corporation, the appellant here, which had issued a liability policy on the truck to the Derby Oil Company. The garnishee answered, denying any indebtedness or liability to Striplin. The plaintiff took issue on the answer. The court overruled a motion by the garnishee to have the matter heard by the court rather than by a jury. The matter proceeded to trial before a jury. At the conclusion of plaintiff's evidence the garnishee demurred to the evidence and the demurrer was overruled, and at the conclusion of all the evidence, the garnishee's motion for a directed verdict was overruled. The jury returned a general verdict for the garnishor.

The two primary questions presented are, first, whether the garnishee, the insurance carrier, undertook to represent the defendant Striplin in the damage action and, if it did so, whether it thereby waived a right which it might otherwise have had to contend in the garnishment proceeding that the insured vehicle was not covered by the policy at the time of the accident. Second, if the garnishee had not so waived its right to assert noncoverage whether there was, in fact, coverage of the accident under the policy. More specifically, the latter issue turned on the question whether at the time of the collision, Striplin was operating the vehicle with the permission of the insured.

On the question of waiver of a defense of noncoverage under the policy, the trial court instructed the jury, in instruction No. 3, as follows:

"The jury are instructed that under the law an insurance carrier that has a policy covering a motor vehicle undertakes to defend a party sued for damages arising out of an accident upon which a judgment might be taken against such defendant, and does defend such party in such action, then and in that event they cannot later claim that there was not liability to the party who obtains a judgment in such action for the amount thereof or that they are not liable under the policy of insurance for a judgment arising from the negligent acts of such party.

. . . . . . . . . . . . . . . .

"The jury are instructed that if you find that the plaintiff has established, to your satisfaction by a preponderance or greater weight of the evidence, that the garnishee Assurance Company, through their attorneys, undertook to and did defend Glen Striplin in that action, then your verdict will be for the plaintiff, but if the jury finds that the plaintiff has not proved to your satisfaction by a preponderance or greater weight of the evidence, that the garnishee, through its attorneys, did undertake to and did defend Glen Striplin in this action, then you will proceed as instructed in the next instruction."

The record does not disclose that appellant objected to this instruction at the time it was given. However, appellant did request an instruction inconsistent with instruction No. 3, and the requested instruction was refused. While the requested instruction may possibly have been vulnerable in other particulars not raised here, we shall treat instruction No. 3 as here for review, although not specifically objected to, under the rule that objection is not necessary where a contrary instruction is requested and refused. (*Lukens v. First National Bank,* 151 Kan. 937, and authorities cited p. 941, 101 P. 2d 914; *Kelly v. Meyer,* 156 Kan. 429, 433, 134 P. 2d 658.)

While the jury did not indicate in its verdict whether it found for

the garnishor on the ground that the garnishee had waived its right to assert noncoverage under the policy, or on the ground that Striplin was driving the truck at the time of the accident with the permission of the insured, the verdict is not for that reason open to attack. Under the instructions it had a right to find for the garnishor for either reason, and on any issue of fact a general verdict must be construed as a finding for the plaintiff.

First, did the trial court correctly state the law in instruction No. 3? We think it did.

In 29 Am. Jur. 672,. § 878, it is stated:

"The general rule supported by the great weight of authority is that if a liability insurer, with knowledge of a ground of forfeiture or noncoverage under the policy, assumes and conducts the defense of an action brought against the insured, *without disclaiming liability and giving notice of its reservation of rights,* it is thereafter precluded in an action upon the policy from setting up such ground of forfeiture or noncoverage. The insurer's conduct in this respect operates as an estoppel to later contest an action upon the policy, regardless of the fact that there has been no misrepresentation or concealment of material facts on its part, and notwithstanding the facts may have been within the knowledge of the insured equally as well as within the knowledge of the insurer." (Italics supplied.)

These statements are fortified by citations from many jurisdictions. The question is extensively. annotated in 81 A. L. R. 1326 *et seq.,* and the rule is there stated in substantially the same terms, as follows:

"Stated in broad general terms, a liability insurer by assuming and conducting the defense of an action brought against the assured where with knowledge of facts taking the accident, injury, etc., outside the coverage of the policy—and without disclaiming liability and giving notice of its reservation of rights—is thereafter precluded in an action upon the policy from setting up the defense of non-coverage, it is held by the great weight of authority." (p. 1327.)

The general rule is similarly stated in 45 C. J. S. 684 *et seq.,* § 714. The brief headnote reads as follows:

"An insurance company is ordinarily precluded from asserting nonliability under its policy where with notice or knowledge of the facts and without disclaimer it undertakes or continues defense of an action against the insured."

Numerous cases are there cited, including those making the rule applicable to the person injured; to the person causing the injury; and to the instrumentality involved. (*Claverie v. American Casualty Co. of Reading, Pa.,* 76 F. [2d] 570.)

Many cases in support of the rule are collected in *Malley v.*

*American Indemnity Corp.*, 297 Pa. 216, 146 A. 571, which is the case used as a basis for the annotation in 81 A. L. R., *supra*; in *Colby, Pro Ami. v. Ins. Co.*, 134 Me. 18, 181 A. 13; in the frequently cited case of *Oehme v. Johnson, et al.*, 181 Minn. 138, 231 N. W. 817, 81 A. L. R. 1308; and in the Claverie case, *supra*.

The principle involved in the rule is stated in *Patterson v. Adan*, 119 Minn. 308, 138 N. W. 281, 48 L. R. A., n. s., 184, as follows:

"By undertaking the defense the company elected to treat plaintiff's cause of action, if he had any, as covered by its contract; and when it substituted itself and its judgment for that of the defendant, both plaintiff and defendant have a right to insist that the final judgment establishes the liability and debt of the company to the assured . . ." (81 A. L. R. 1324.)

It will be noted that under the general rule a liability insurer which assumes the defense of an action against the insured may save itself from the bar of waiver or estoppel in a subsequent action upon the policy if, in the action against the insured, it clearly disclaims liability under the policy, and gives notice of its reservation of a right to set up the defense of noncoverage. In the case before us the record does not disclose nor is there any contention that the insurance carrier made such a disclaimer of liability, or reserved the right to assert noncoverage in any subsequent action against it.

We proceed to the question whether there was substantial evidence that the insurance carrier (the appellant) did defend Striplin in the damage action. After careful examination of the record, we must conclude that there was ample evidence to support a finding by the jury that the insurance carrier did represent Striplin in the damage action, without disclaimer of liability and without notice of reservation of right to assert noncoverage under the policy in any action against it. Upon such a finding the jury was required under the instructions to bring in a verdict for the plaintiff.

The record discloses the following:

The petition in the damage action against the three defendants above named was filed on September 19, 1942. On October 17, 1942, Davis, White, Hodge, Vernon and White, as "attorneys for *defendants*" (which included Striplin), filed a motion as follows:

"Come now the above named defendants and move the Court for additional time to plead in the above entitled action."

On October 19, 1942, the same attorneys as "attorneys for *defendants*" filed an answer in behalf of "the above-named *defendants*." On April 20, 1943, the same attorneys, as attorneys for the

Derby Oil Company, together with Aaron Coleman, as attorney for Bontrager, filed a motion for continuance in which they set out that Striplin was then in the military service and could not then be located, and that he was not represented by counsel as far as they knew, "and in any event that judgment could not be taken against him."

On January 17, 1945, the same counsel as "attorneys for *defendants*" filed a motion for continuance in which they alleged *inter alia*:

"That the defendant Glen Striplin as a result of such military service is unable to be present on the date set for the trial of this case, January 22, 1945; that he is a necessary defendant and witness in this suit and it would be prejudicial to his interests for this suit to be tried without said defendant being present in person;"

Again on January 23, 1947, the same counsel filed a motion for a new trial as "*attorneys for Glen Striplin*," the opening paragraph of which reads:

"Comes now the Defendant, Glen Striplin, and moves the court for a new trial as against the plaintiff above named on the sole and single issue of the amount of damages assessed by the jury herein against this defendant, for the reason that it appears that the rights of the defendant are substantially affected as follows: . . ."

Further the journal entry of judgment in the damage action recites *inter alia* that the cause came on for trial, "*defendant Glen Striplin, being present in person and by his attorneys, Davis, Hodge, White and Jones,*" and that after demurrers of Derby and Bontrager were sustained, the defendant Striplin introduced his evidence; the cause was submitted to the jury as to defendant Striplin "upon the instructions of the court and the arguments and statements of counsel," etc., that the jury returned its verdict in favor of the plaintiff and against the defendant Striplin, and that:

"Thereafter, on the 22nd day of January, 1947, Defendant Glen Striplin, by his attorneys Davis, Hodge, White & Jones, files his motion for a new trial."

Furthermore, one of the attorneys for the insurance carrier testified in part as follows, with reference to the damage action:

"I did not file the answer myself, but I am sure that is the signature of our firm. I assume we were employed by Employers Liability Insurance Company which is the insurance company we are having the hearing over now. We were also employed by the Derby Oil Company so we represented both the Derby Oil Company and the insurance company. The answer uses the word 'Defendants' all the way through. . . . Mr. Striplin was not in court.

I sent Mr. Bontrager over to find Striplin but somewhat at the direction of the court here. We did not file an answer for him, although the answer says 'all the defendants', the next pleadings specifically state that we appear for Derby Oil Company and Aaron Coleman was attorney for Bontrager and in that motion for continuance we didn't know whether Striplin had an attorney or not. There was an answer on file by Mr. Harrison at the time.

"Q. After Striplin came over, you appeared as his attorney, didn't you, after he came over that afternoon? A. Yes, sir; I did. I thought he wanted me to.

"Q. You and Mr. White appeared as his attorneys, didn't you? A. Well, I know I did. I can't say whether Mr. White did or not. I don't believe he ever sat in from that time on, but I know I did, because I thought from his conversation that he expected me to.

"Q. You went ahead after you had already got a demurrer sustained against the Derby Oil Company and Bontrager on account of the fact that he might have gone outside of the scope of his employment? A. Yes, sir.

. . . . . . . . . . . . . . . . . . .

"A. . . . After our conflicts ceased, and we had taken care of our clients, then I saw no objection to taking care of him if he wanted somebody to help him out. There was no conflict at that time. If I had it to do over again, I would leave him alone on his own.

"Q. You still had it in the back of your head that the insurance company might be liable and that you would go in and represent Striplin and cut the judgment down just as much as you could, or not get anything? A. Well, it might have been in the back of my mind a little bit. I wouldn't lie to you. It might have been in the back of my mind a little bit, but it wasn't the thing that caused me to go ahead and represent him; I will tell you that."

Appellant calls attention to the fact that in the damage action an answer was also filed for Striplin by "William D. Harrison, his attorney." This answer, however, was filed on November 10, 1942, a couple of months after the petition had been filed, four years and three months before the action came to trial when many of the proceedings, heretofore detailed, took place. Moreover, it has been held that the rule of waiver applies notwithstanding the insured's personal attorney participates in the defense where the insurance carrier's attorneys are in charge and without substantial interference from the attorneys for the insurer. (*Tulare Co. Power Co. v. Pacific S. Co.*, 43 Cal. App. 315, 185 Pac. 399; *Peters v. Sturmer*, 263 Mich. 494, 248 N. W. 875, 877.)

Upon this record we must hold that the general rule of waiver was applicable and that the insurance carrier, the appellant, was not entitled in the garnishment proceeding to contend that the policy did not cover the accident.

This conclusion makes it unnecessary to consider the question whether at the time of the accident Striplin was driving the tank wagon with the permission of the insured or its agent.

There remains for brief discussion appellant's contention that the trial court erred in submitting this case to a jury. At the outset, it should be noted that this is not a case where a jury trial was demanded and refused. The question here is not whether the garnishor could have demanded a jury as a matter of right, but whether it was error to submit the case to a jury. Cases, therefore, involving the former question are not in point.

The garnishment statute provides that after the issues are drawn in the manner provided in the statute "the issue shall stand for trial as a civil action in which the affidavit on the part of the plaintiff shall be deemed the petition, and the garnishee's affidavit the answer thereto." (G. S. 1935, 60-945.)

G. S. 1935, 60-2903, which relates to the trial of issues of fact, provides:

"Issues of fact arising in actions for the recovery of money or of specific real or personal property shall be tried by a jury, unless a jury trial is waived or a reference be ordered as hereinafter provided. All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury or referred as provided in this code."

The instant action is not one for the recovery of specific real or personal property. Assuming, but not deciding, that it is not one for the recovery of money, the question remains whether it involves any issues of fact which the trial court had the power to submit to a jury. Whether a case is one that requires submission to a jury or which may, at the discretion of the trial court be submitted to a jury, is to be determined by an examination of the pleadings. (*Lapham v. Oil and Gas Co.,* 87 Kan. 65, 67, 123 Pac. 863; *Boam v. Cohen,* 94 Kan. 42, syl. 3, 145 Pac. 559; *Russell v. Bovard,* 153 Kan. 729, 734, syl. 3, 113 P. 2d 1064; *Nusz v. Nusz,* 155 Kan. 699, 701, 127 P. 2d 441.)

After asserting in his affidavit that Striplin was a judgment debtor to the plaintiff in the amount of $5,000, the attorney for the garnishor asserted that he verily believed the insurance carrier to be indebted and to have property in his possession and under his control belonging to Striplin. In its answer, the garnishee denied any such indebtedness or any liability to Striplin. In its motion to

strike the action from a jury setting, the garnishee asserted that the plaintiff was not entitled to a jury "as a matter of right" and "that the matters involved herein *pertain to the construction of a contract* which is a matter for the court." (Italics supplied.) As already noted, it was not a question whether the plaintiff was entitled to a jury as a matter of right. Nor did assertion that the matters involved "pertain to the construction of a contract" alter the issue as framed by the pleadings.

The question whether the garnishee was in fact indebted to Striplin requires a determination, first, whether the insurance carrier had undertaken to defend Striplin in the damage action. Previous recital indicates the evidence that it had done so. In reply to that evidence, one of the attorneys for the insurance carrier testified in effect that when it appeared that Striplin had no other attorney present, he put him on the stand merely in order to help him out, believing that to be a decent sort of thing to do. Here was at least a conflict as to whether Striplin was really represented by the insurance carrier. Furthermore, it cannot be said that the question whether Striplin at the time of the accident was driving the truck with the permission of the insured involved no issue of fact. In view of the situation thus presented by the record, we do not find it necessary to analyze and discuss the cases cited on the question of when a trial by jury is proper. Whether or not the garnishor could have demanded a jury trial in this case, it is clear that the court had power to submit the case to a jury.

Other questions argued are more or less incidental and need not be treated since they are resolved by what has already been said.

The judgment is affirmed.