**Francis O. FISHER and Charles S. Fisher, Appellants,**

v.

**FIREMEN'S FUND INDEMNITY COMPANY, Appellee.**

No. 5522.

United States Court of Appeals Tenth Circuit.

April 23, 1957.

Horace A. Santry, Salina, Kan. (Gilchrist & Buck, Wichita, Kan., and Young & Santry, Salina, Kan., were with him on the brief), for appellants.

H. E. Jones, Wichita, Kan. (A. W. Hershberger, J. B. Patterson, Richard Jones, and William P. Thompson, Wichita, Kan., were with him on the brief), for appellee.

Before BRATTON, Chief Judge, and MURRAH and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

In an action authorized by Sec. 2201 of Title 28, U.S.C., plaintiff-appellee, noted hereafter as the insurance company, sought a declaratory judgment decreeing the insurance company not obligated under a policy of automobile liability insurance for claims made by appellants against one Rumpf. The facts giving rise to the controversy have been stipulated.

During December, 1954, the insurance company had in effect a policy of automobile liability insurance covering a pickup truck owned by a partnership consisting of Paul Slagel and Porter Alcorn and designating them as the named insured. The term "insured" was defined in the policy as follows:

> "With respect to the insurance for bodily liability and for property damage liability, the unqualified word 'insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission."

On Christmas Eve Rumpf, an employee of the named insured, sought and received permission from the partners to take the insured truck to his residence that evening and drive it to Udall, Kansas, on Christmas Day to have dinner with his parents. The truck was normally garaged and Rumpf resided in Wichita, Kansas, some fifteen miles northwest of Udall.

Rumpf, en route to Guthrie, Oklahoma, on Christmas Eve, became involved in an automobile accident with appellants near Tonkawa, Oklahoma, after first having driven to Enid, Oklahoma. The scene of the accident was approximately 100 miles distant from Wichita

on a route not going to or near Udall, Kansas. Rumpf performed no service for his employer after leaving his place of employment in Wichita and was admittedly upon a personal journey at the time of the collision with appellants.

The question thus presented is whether or not under the stated circumstances Rumpf's actual use of the insured vehicle was with the permission of the named insured within the meaning of the policy provision. The trial court determined that the insurance company had no obligation arising from the collision in Oklahoma. We are in accord.

■ The policy of insurance was sold and issued in Kansas and consequently must be interpreted under the law of that state. Brown v. Ford Motor Co., 10 Cir., 48 F.2d 732; John Hancock Mutual Life Ins. Co. v. Yates, 299 U.S. 178, 57 S.Ct. 129, 81 L.Ed. 106. And since the state courts of Kansas have had no occasion to pass on the particular question presented we must rely on the general law of that state and authority we consider persuasive.

■ From the many cases interpreting the meaning and effect of the omnibus clause in automobile insurance policies, such as we here consider, three general lines of authority have evolved establishing what are loosely called the strict, liberal, and minor deviation rules. See 5 A.L.R.2d 621. The rule of minor deviation, while applying fundamentals of construction to the limit of reason,[1] affords protection under the policy up to the point of flagrant violation of the express permissive use of the vehicle. We have had recent occasion to give approval to this rule under Oklahoma law, Long v. Superior Insurance Co., 10 Cir., 230 F.2d 507, and consider it the majority and preferable holding.

At the time of the collision giving rise to appellants' claims against Rumpf he had deviated in time, purpose, direction, and distance to such a degree from his express permissive use that it cannot be doubted that the actual use of the vehicle was not within the contemplation of the named insured. Persuaded as we are, absent a contrary Kansas ruling, that the minor deviation rule is properly applicable, it follows that the insurance company had no obligation to Rumpf under the omnibus feature of the insurance policy.

■ Appellants make one further contention requiring our disposition. Attorneys for the insurance company have appeared and defended on behalf of Rumpf several actions arising from the Oklahoma collision in which appellants appear as parties. Before making any such appearance the insurance company agreed in writing with Rumpf that all policy rights and defenses were expressly reserved by the insurance company. Appellants assert that under the law of Kansas such a reservation of rights agreement is not effective for its stated purpose unless the existence of such agreement is revealed *at the trial and to all parties*. Appellants cite Snedker v. Derby Oil Co., Inc., 164 Kan. 640, 192 P.2d 135, and Bean v. Gibbens, 175 Kan. 639, 265 P.2d 1023, as support for their assertion. We do not read these cases as so holding. Rather we believe Kansas in accord with the general rule that an insurance company before undertaking the defense of a person claiming to be an insured under the policy may, by proper notice to such person and without notice to claimants asserting a cause of action against such person, reserve the right to question coverage and assert policy defenses. Such disclaimer of liability under the policy effectively bars a claim of waiver or estoppel based upon the company's defense of the cause of action. Iowa Hardware Mutual Insurance Co. v. Burgen, 178 Kan. 557, 290 P.2d 1034; Myers v. Ocean Accident & Guarantee Corp., 4 Cir., 99 F.2d 485.

The judgment is affirmed.

---

1. In order to effectuate the policy, not defeat it, ambiguity should be resolved in favor of insured. Baker v. Continental Ins. Co., 155 Kan. 26, 122 P.2d 710; Braly v. Commercial Cas. Ins. Co., 170 Kan. 531, 227 P.2d 571.