No. 43,207

John D. Henry, *Appellant*, v. James E. Johnson, *Defendant*, and Allstate Insurance Company, *Appellee*.

(381 P. 2d 538)

Opinion filed May 11, 1963.

*Sidney L. Foulston, Jr.*, of Wichita, argued the cause, and *Enos E. Hook* and *John H. Gerety*, of Wichita, were with him on the briefs for appellant.

*Philip Kassebaum*, of Wichita, argued the cause, and *Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, John E. Rees, Robert T. Cornwell, Willard B. Thompson* and *David W. Buxton*, all of Wichita, were with him on the briefs for appellee.

*Hugo T. Wedell* and *Homer V. Gooing*, of counsel.

The opinion of the court was delivered by

Fatzer, J.: This was a proceeding in garnishment against a liability insurer based upon a judgment against its insured. The action out of which the appeal arises was filed by the appellant, John D. Henry, on September 17, 1958, against the defendant, James E. Johnson, for personal injuries and property damage resulting from a collision of their automobiles at the intersection of Pawnee and Ridgewood Streets in the city of Wichita on December 16, 1957.

Summons was served upon the defendant and he failed to answer or otherwise plead. On October 20, 1958, the plaintiff filed a motion for judgment and mailed a copy thereof to the defendant and he failed to appear or answer the plaintiff's petition.

On October 30, 1958, the cause came on for hearing on plaintiff's motion for judgment and the court, after hearing the plaintiff's evidence, found that plaintiff received injuries to his person and damage to his automobile and incurred hospital and medical

bills all as a result of the automobile collision; that the defendant was guilty of negligence as charged in the plaintiff's petition; that the plaintiff was not guilty of any negligence, and that plaintiff should have and recover judgment against the defendant for the sum of $41,256.85 and for costs.

On November 3, 1958, the defendant met with a representative of the garnishee-appellee, Allstate Insurance Company, and with its attorneys in their offices in Wichita. The defendant informed them that a default judgment had been rendered against him on October 30, 1958; that no summons had been served upon him and that he first learned of the suit on October 31, 1958, when he received a telephone call from a newspaper reporter. At that meeting, the defendant was advised that if he had received a summons, the garnishee's liability insurance policy issued in his favor was avoided because of his failure to forward the summons to the garnishee; that he could secure his own attorney but that the garnishee through its attorneys would attempt to get the judgment set aside subject, however, to a reservation of its rights because of lack of notice of suit. The defendant gave the garnishee's representative and its attorneys a written statement of the foregoing facts and garnishee's counsel prepared a letter reserving its rights which was handed to the defendant. Subject to the reservation, the defendant authorized the garnishee's attorneys to file a motion on his behalf to set aside and vacate the default judgment, and for a new trial. The garnishee's letter dated November 3, 1958, reserving its right reads:

"Dear Mr. Johnson:

"With respect to the automobile accident occurring on December 16, 1957, at Pawnee and Ridgewood Streets in which you were involved, you are hereby notified that the Allstate Insurance Company in investigating the said accident or any claim arising therefrom, or in negotiating for compromise settlement, or in making any settlement or in defending any suit against you or others, *or in undertaking to set aside the judgment entered against you on October 30, 1958, in the District Court of Sedgwick County, Kansas, Case No. A-73383,* and to take whatever further action shall be deemed advisable, or in any other way acting or failing to act, does not waive any of its rights or admit any obligations under the policy.

"We are making this reservation of rights because of your failure to comply with the policy conditions entitled '2, Notice of Claim or Suit' and '8, Assistance and Cooperation of the Insured' and for other reasons.

"*The service of this notice upon you does not deprive you of any rights you may have against this company.*" (Emphasis supplied.)

On November 3, 1958, Allstate's attorneys, representing the de-

fendant, entered his general appearance in the action and filed the following motion:

"Comes now the defendant James E. Johnson and moves the court for an order vacating and setting aside the order of judgment made and entered herein on the 30th day of October, 1958, in favor of the plaintiff and against this defendant and granting this defendant leave to file his answer, which is attached hereto, and granting this defendant a new trial on the following grounds:

"1. Defendant was not served with process and had no notice of this plaintiff's claim against him.

"2. Irregularity in obtaining the judgment.

"3. Unavoidable casualty and misfortune which prevented this defendant from defending the action.

"4. This defendant was not afforded a reasonable opportunity to present his evidence and to be heard on the merits of the case although he has a meritorious defense.

"5. The judgment is excessive and contrary to the evidence."

On November 24, 1958, the defendant's motion was heard by the court, and the defendant and the plaintiff presented testimony in support of and in defense of the motion. Counsel argued the matter and the court requested the parties to submit briefs. On January 16, 1959, the court found that residence service of summons was had upon the defendant and that the defendant, by filing his motion, had submitted himself to the jurisdiction of the court; that the defendant had failed to show any reason, either in law or in equity, why the default judgment of October 30, 1958, should be set aside and vacated, and the defendant's motion was overruled *in toto*.

In February, 1960, execution having been issued and outstanding, the plaintiff as judgment creditor, filed an affidavit for garnishment alleging that Allstate Insurance Company, as garnishee, was the insurer of the defendant at the time of the collision and that it had property of the defendant in its possession or under its control and was indebted to the defendant on that account. Garnishment summons was duly served upon the defendant and Allstate.

Thereafter, Allstate filed its affidavit of garnishee for discharge (G. S. 1949, 60-945), and the plaintiff timely filed notice of election to take issue upon the garnishee's affidavit.

On the issues between the plaintiff and the garnishee, trial was had by the court. The defendant testified that at the conference in Allstate's attorneys' offices on November 3, 1958, he understood that, in doing any work in the case after judgment had been rendered against him, Allstate would not waive any of its rights, and

he would not waive any of his rights; that after his rights had been explained to him, he authorized Allstate's counsel "to enter a general appearance" in the damage action and he was told that he could hire his own lawyer if he wanted to but that Allstate's counsel would continue to represent him.

Counsel for the defendant stated that Allstate had notice of the automobile collision on December 16, 1957, between the plaintiff and defendant; that it investigated the accident; that they represented Allstate in connection with other lawsuits arising out of the same accident, and that plaintiff's counsel "knew there were attorneys in the case when he took the default judgment."

Allstate's affidavit of garnishee for discharge did not allege its reservation of rights arrangement with the defendant nor was the reservation of rights arrangement alleged in the defendant's motion to vacate and set aside the default judgment. The first time the plaintiff knew of the reservation of rights arrangement was when Allstate's letter to the defendant of November 3, 1958, was introduced in evidence at the hearing.

On June 12, 1961, the district court made findings of fact and conclusions of law, and those pertinent read:

"FINDINGS OF FACT.

"1. In 1952, and subsequent thereto, defendant James H. Johnson, contracted with garnishee for liability insurance coverage. Defendant's exhibit A is a copy of the contract of insurance entered into between defendant and garnishee. Plaintiff's exhibit 1 reflects the limits of such policy to be $10,000.00 for each person injured and $20,000.00 total benefits for each accident. The insured vehicle was a 1956 Chevrolet sedan. This contract of insurance was in force and effect at the time of the accident from which these proceedings arise.

"2. Section 3 of garnishee's policy, subcapitioned 'Conditions,' subparagraph 2, captioned 'Notice' (appearing on page 12 of defendant's exhibit 'A' herein) provides in part as follows:

"'. . . If claim is made or suit is brought against the insured, he shall immediately forward to Allstate every demand, notice of summons received by him or his representative.'"

"3. On September 17, 1958, this lawsuit was filed by plaintiff, John D. Henry, against defendant, arising from an accident which occurred on December 16, 1957, between plaintiff's vehicle and a 1958 Chevrolet station wagon owned and driven by defendant.

"4. Defendant duly received a summons by residence service on September 18, 1958. The summons disclosed the answer date to be October 17, 1958. Defendant failed to deliver the summons he received to Garnishee.

"5. On October 20, 1958, plaintiff's attorney filed a motion for judgment on the pleadings and mailed a copy of such motion to defendant. Defendant

received a copy of plaintiff's motion prior to the date judgment was entered. Defendant failed to deliver a copy of the motion to Garnishee.

"6. Plaintiff's motion for judgment on the pleadings was sustained and judgment entered against defendant on October 30, 1958.

"7. The first notice to garnishee that suit had been filed against defendant was given on November 1, 1958.

"8. On November 3, 1958, defendant met with a representative of garnishee and one of garnishee's attorneys. At that time defendant and garnishee entered into a reservation of rights contract whereby it was agreed that among other things, any efforts of garnishee on behalf of defendant to set aside the judgment, defend the action, or in garnishee's acting or failing to act in any manner, garnishee did not waive any of its rights or admit any obligation under any policy of insurance in effect between defendant and garnishee in view of defendant's breach of the insurance contract in failing to give notice of the filing of the action against defendant.

"9. On November 3, 1958, defendant further gave garnishee's attorneys written consent and authorization to file a motion for a new trial in the above matter and to enter a general entry of appearance in the case on behalf of defendant.

### "Conclusions of Law.

"1. Defendant's failure to forward the summons and motion for judgment on the pleading is a breach of one of the conditions of the policy of insurance.

"2. Compliance with the conditions of the policy is a condition precedent to any claim against garnishee on the policy.

"3. Plaintiff stands in the shoes of defendant and may not enforce the policy because of the breach of its conditions by defendant.

"4. The conduct of garnishee did not constitute a waiver, or an estoppel.

"5. Garnishee is not liable for any portion of the judgment.

"6. Garnishee should be discharged."

The plaintiff filed a motion for a new trial and to strike from the court's findings of fact No. 4 the following: "Defendant failed to deliver the summons he received to garnishee," and from findings of fact No. 5 the following: "Defendant failed to deliver a copy of the motion to garnishee," for the reason that the garnishee failed to plead its reservations of rights arrangement with the defendant in its affidavit of garnishee for discharge, since to include the foregoing findings would be making a finding of a policy defense for the garnishee which the garnishee in its answer failed to allege and that a policy defense is an affirmative defense which must be pleaded before it can be proved and before any evidence can be admitted pertaining thereto. Plaintiff's motions were duly considered and overruled, and judgment was entered in favor of the garnishee and against the plaintiff that the garnishee be discharged. This appeal followed.

The appellant makes six specifications of error, but has briefed them under two general points. First, that the defense of noncoverage by reason of garnishee's lack of notice of suit was a policy defense and it was incumbent upon the garnishee to affirmatively plead in its answer the defendant's breach of the policy and its reservation of rights arrangement, and in failing to do so, the district court erred in admitting into evidence the garnishee's reservation of rights arrangement and in failing to strike those portions of findings of fact Nos. 4 and 5 as requested by appellant, and second, that the reservation of rights arrangements was insufficient to save the garnishee from the bar of waiver or estoppel in the garnishment proceedings where it did not clearly disclaim liability under the policy and expressly give notice of its reservation of a right to set up the defense of noncoverage.

The garnishee-appellee relies solely upon the district court's finding of fact No. 8 to relieve it from liability. It contends the defendant's failure to give prompt notice of the suit and cooperate with the company in the action brought by the plaintiff were breaches of noncoverage clauses which prevent any liability from attaching to the garnishee, hence, there was no liability existing in favor of the plaintiff. It is argued that finding of fact No. 8 is supported by substantial evidence; that the garnishee and the defendant contracted on November 3, 1958, that the garnishee's representation of the defendant in the tort action was not a waiver of the defendant's failure to give notice of the suit or to cooperate in the defense of the action, nor an admission of any obligation on the part of the garnishee under the policy of insurance.

With respect to the appellant's first contention, it is the prevailing rule in this jurisdiction that waiver or estoppel for failure to give required notice under the provisions of an insurance policy must be pleaded and proved by the party asserting it (*Jameson v. Farmers Mutual Automobile Ins. Co.*, 181 Kan. 120, Syl. 2, 309 P. 2d 394), and sound reason exists to require the garnishee in a proceeding such as the one before us to affirmatively plead the insured's breach of conditions of a liability insurance policy, and notice of any nonwaiver and reservation of rights arrangement entered into with the insured. However, our garnishment statute (G. S. 1949, 60-945) provides the form and content of a garnishee's answer, and further provides that if the plaintiff serves notice on the garnishee that he elects to take issue on his answer as garnishee, and will maintain him to be liable as garnishee, "the issue shall stand for trial as

a civil action, in which the affidavit on the part of the plaintiff shall be deemed the petition and the garnishee's affidavit the answer thereto." Although fully cognizant of the foregoing rule, we do not feel justified in extending the clear import of the statute which contains the substantial form of a garnishee's answer to include the pleading of defenses which are not specifically included therein. We conclude the district court did not err in admitting into evidence the garnishee's nonwaiver and reservation of rights arrangement with the defendant.

Turning to the appellant's second point, we note that the insurance policy in force between the garnishee and the defendant at the time of the accident was before the district court but the appellant has not seen fit to abstract its pertinent provisions for our consideration, however, we assume that, on the basis of the garnishee's conduct and our examination of other standard liability insurance policies approved by the commissioner of insurance, it was the duty of the garnishee to defend the tort action on defendant's behalf. It is well settled that where the pleadings of a tort action brought by an injured third person against an insured bring the injury within the coverage of the policy, the insurer must defend irrespective of its ultimate liability at the terminaton of the litigation. (*Hoffine v. Standard Accident Ins. Co.*, 191 Kan. 63, 67, 379 P. 2d 246.)

While the garnishee did not receive notice of suit from its insured until November 1, 1958, it could not with safety to itself refuse to defend the action, although it was then in default judgment. At that stage of the proceeding there was time to file a motion for a new trial (G. S. 1949, 60-3003), and to vacate and set aside the default judgment (G. S. 1949, 60-3007), and the garnishee's obligation to defend still existed. (*Saint Paul Mercury Indem. Co. v. Valdosta Milling Co.*, 253 F. 2d 667.) Recognizing its duty in that respect, the insurer, with the defendant's consent, entered his general appearance in the action, filed a motion to vacate and set aside the default judgment, sought to obtain a new trial, and to answer the plaintiff's petition for trial on the merits. However, before doing so, the insurer took the precaution of securing a purported nonwaiver and reservation of rights arrangement with the insured in an attempt to reserve its policy defenses of noncoverage as set out in its letter of November 3, 1958, to the defendant, heretofore quoted.

This brings us to the garnishee's notice of nonwaiver and reservation of rights of November 3, 1958, and whether it was sufficient

to save the garnishee from the bar of waiver or estoppel and permit it to plead its policy defenses of noncoverage in the garnishment proceeding. It is a well-established rule that where an insurance company under a liability policy takes charge of the only defense which may then be imposed to an action on which liability rests (here, a motion to set aside a default judgment and answer on the merits), it will be estopped from thereafter questioning the claim because it was beyond the terms of the policy or because of a breach of a noncoverage clause, unless it gives notice of its right to set up the defense of noncoverage under an adequate and proper non-waiver and reservation of rights notice to the insured. (*Brandon v. St. Paul Mercury Indemnity Co.*, 132 Kan. 68, 71, 294 Pac. 881, 83 A. L. R 673; *Snedker v. Derby Oil Co., Inc.*, 164 Kan. 640, 192 P. 2d 135; Anno: 81 A. L. R. 1326 and 38 A. L. R. 2d 1161.)

This court has recognized that an insurer may enter into a non-waiver and reservation of rights arrangement with its insured and has enforced such agreements. (*Iowa Hardware Mutual Ins. Co. v. Burgen*, 178 Kan. 557, 290 P. 2d 1034.) The rule with respect to the sufficiency of such an arrangement was stated in *Snedker v. Derby Oil Co., Inc.*, supra, as follows:

"It . . . (is) . . . the general rule a liability insurer which assumes the defense of an action against the insured may save itself from the bar of waiver or estoppel in a subsequent action upon the policy if, in the action against the insured, *it clearly disclaims liability under the policy, and gives notice of its reservation of a right to set up the defense of noncoverage.* . . ." (l. c. 644.) (Emphasis supplied.)

That rule is to be applied in accordance with general and well-established rules with respect to the construction of insurance policies and related papers pertaining to liability which may arise thereunder. One basic rule is that, since the company prepares the policy and its representatives, as here, prepare the related papers, thereby selecting the language employed, such policy and papers are to be construed strongly against the insurance company and in favor of the insured; that it is their duty to make the meaning clear, and if they fail to do so, the insurer and not the insured must suffer. Stated another way, if the insurer desires to limit its liability, it should so state in clear and concise language in the policy or in the related papers involved. (*Jameson v. Farmers Mutual Automobile Ins. Co.*, supra, and cases cited.) Appleman, in his Insurance Law and Practice, Vol. 16, § 9377, p. 976, states

the rule with respect to a notice of nonwaiver and reservation of rights arrangement with the insured as follows:

"Such agreements are construed strictly against the insurer and liberally in favor of the insured, and will not be extended beyond the exact terms of the agreement."

In finding No. 8 the district court found that the garnishee and the defendant entered into a "reservation of rights contract" and the garnishee treats that finding as constituting a nonwaiver and reservation of rights agreement. We agree with the appellee's construction of the finding, but we look solely to the garnishee's letter of November 3, 1958, to determine its legal effect. That letter advised the defendant-insured that in investigating the accident of December 16, 1957, and any claims arising therefrom or in negotiating or making any settlement or in defending any suit, or in undertaking to set aside the default judgment of October 30, 1958, it did not waive any of its rights or admit any obligations under the policy. It stated that the insurer was making the reservation because of the insured's failure to comply with policy conditions 2 and 8. However, the last paragraph advised the insured that the reservation of rights did not deprive him of any right he may have against the company.

We are of the opinion the nonwaiver and reservation of rights arrangement was insufficient to save the insurer from the bar of waiver or estoppel in the garnishment proceeding. Nowhere does it clearly disclaim liability under the policy or reserve to the insurer the right to set up any defense of noncoverage. As has been noted, the rule announced in the Snedker case, *supra,* imposes two necessary essential elements. First, that the liability insurer must clearly disclaim liability under the policy, and second, it must give notice of the reservation of rights to set up defenses of noncoverage. Here, neither of these two elements are clearly stated in the reservation. On the contrary, while the first two paragraphs of the reservation purported to advise the insured that the insurer was attempting in some manner to reserve something when it sought to set aside the default judgment and answer on the merits, the third paragraph purports to restore to the insured any rights he may have under the policy by advising him that he was not deprived of "any rights you may have against this company." On its face the reservation is clearly insufficient to save the insurer from the bar of waiver or estoppel in a subsequent action brought against it. (*Snedker v. Derby Oil Co. Inc.,* supra.)

The conclusion just announced finds support in *Iowa Hardware Mutual Ins. Co. v. Burgen,* supra. While the notice of nonwaiver and reservation of rights arrangement was not set forth in that opinion, an examination of the briefs and abstracts on file in the State Library (Abstracts and Briefs, 178 Kan. Vol. 17) discloses that the insurer expressly denied any and all liability under the policy in question or under any other policy issued to the insured, and clearly gave notice of its reservation of right to set up defenses of noncoverage. This court held that, notwithstanding the insurer proceeded to defend the damage action against its insured, nonetheless the insurer was not estopped to deny liability and, under the facts there present, authorized a cancellation of the policy.

Another reason exists which supports the conclusion just announced. The record discloses that approximately twelve months before the garnishee entered into the nonwaiver and reservation of rights arrangement with the insured, it had actual notice that the insured was a participant in the intersection collision; that it made a full investigation of the accident and was advised of all the facts and circumstances surrounding it including the fact that a car driven by the plaintiff had collided with the car owned and driven by its insured, and that it actively engaged in the defense of other actions arising out of the same accident. In 8 Applemen, Insurance Law and Practice, § 4741, p. 69, the rule is stated:

". . . It has been held that the insured's failure to give notice or forward the suit papers will not prevent recovery, where the insurer had actual notice and an opportunity to make an investigation and to defend the suit."

See, also, *Jameson v. Farmers Mutual Automobile Ins. Co.,* supra, pp. 126, 127.

Upon the record, we are of the opinion that the district court erred in its conclusions of law, and we hold that the garnishee's nonwaiver and reservation of rights arrangement with the insured was insufficient to permit the garnishee to set up policy defenses and save it from the bar of waiver and estoppel in the garnishment proceeding.

The judgment of the district court is reversed with directions to set aside its order discharging the garnishee, and enter judgment in favor of the appellant, John D. Henry, pursuant to the limits of the insurance policy issued to the defendant, James E. Johnson.

PARKER, C. J., PRICE and SCHROEDER, JJ., dissent.