Walter Popovich *et al.*, Plaintiffs-Appellees, *v.* Bartolo Gonzales, Defendant—(Merit Mutual Insurance Company, Garnishee-Defendant-Appellant.)

(Nos. 54819, 54690 cons.; ▮▮▮▮▮▮▮▮▮▮

First District—February 29, 1972.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Stern, Rotheiser, Ginsberg & Torshen, Ltd., of Chicago, (Jerome H. Torshen, of counsel,) for appellant.

Miller, Schneider & Galasso, of Chicago, for appellees.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Plaintiff brought suit for personal injuries sustained in a collision between a car in which they were riding and one driven by defendant Gonzales. Gonzales was covered by a policy of insurance with the garnishee-defendant (Merit). Merit engaged attorneys to defend the action and they filed an appearance on behalf of Gonzales. Sometime before trial Gonzales left the city. An investigation by Merit revealed his whereabouts, but he did not respond to communications nor did he appear at the trial and the attorneys for Merit had to go to trial without him. Plaintiffs obtained a judgment for $4000 and sought payment thereof from Merit. Merit denied liability because of the failure of the insured to cooperate in the defense of the action. Plaintiffs then instituted a garnishment suit against Merit and following trial, an order was entered by the garnishment court requiring Merit to pay the judgment. Merit has filed this appeal from the garnishment order.

In the garnishment court Merit contended that it was absolved from liability under the policy because the insured failed to attend the trial, notwithstanding proper notification. The notification relied upon by Merit was a letter to Gonzales advising him that his failure to respond

to telegrams and letters *may* result in Merit's refusal to pay a judgment should one be entered against him. The full context of that letter will presently be stated. The garnishment court held that the insurance company could not absolve itself from liability under the policy by claiming non-cooperation only, but that it must further show that prior to trial it notified the policy holder in unequivocal language of a disclaimer of liability under a reservation of rights. It was on that basis that the trial court entered judgment in the sum of $4000. The facts follow.

On October 12, 1963, a vehicle driven by defendant Gonzales struck the vehicle in which plaintiffs were riding. Plaintiffs filed suit and in due course the case came below the black line (that is, notification that it would be tried when called) on April 29, 1969, and the attorneys wrote Gonzales at his last known Chicago address, advising him of the approaching trial and asking him to come to their office for a conference. The letter was returned with the notation that Gonzales had moved. After intensive investigation he was located on May 15, 1969, in Springfield, Mass. The attorneys sent him a telegram on that day. He failed to respond and they sent him a second telegram. The second telegram requested Gonzales to telephone the attorneys and stated they would provide him with funds to appear at the trial. Gonzales failed to respond however and on May 27, 1969, two copies of a letter, one of which was certified, were sent to him. The pertinent part reads as follows:

"As your attorney, I must advise you that your failure to respond to our telegrams and letters *may* be considered by the insurance carrier as a lack of cooperation under the terms of the policy issued to you. Should you fail to cooperate with us, and should a judgment be entered against you, your insurance carrier *can* refuse to satisfy the judgment which would leave you personally liable." (Emphasis added.)

A return receipt signed by Gonzales was delivered to the attorneys, but Gonzales failed to communicate with them personally.

After the attorneys for Gonzales were granted several continuances in the personal injury suit, a judgment was entered for plaintiffs. Merit refused to pay the judgment and the garnishment suit before referred to was instituted. The garnishment court heard the evidence, entered judgment for plaintiffs and stated his reason as follows:

"The documentary evidence does not constitute an unequivocal disclaimer or reservation. I hold therefore that by proceeding to trial after having clear evidence of a breach without a disclaimer or reservation to Gonzales, the insurer [is] estopped to raise the defense of non-cooperation now."

The only question before us is whether the trial court correctly stated the law and whether the letter in question was in compliance therewith.

There appears to be no specific authority in Illinois, but in other states the bar of waiver or estoppel in a garnishment proceeding such as the one before us has been upheld. *Henry v. Johnson* (Kan. 1963), 381 P.2d 538; *Meirthew v. Last* (Mich. 1965), 135 N.W.2d 353; *Bogle v. Conway* (Kan. 1967), 433 P.2d 407.

In *Meirthew* the insurer sent a letter headed "Notice of Reservation of Rights" to its insured. It read in part as follows:

"Now therefore you are hereby notified that the Company will defend such actions pending against you * * * but the Company in undertaking your defense, does so under a reservation of rights, * * * and subject to the conditions, * * * and agreements of said policy, and subject to the express understanding that by so doing the Company does not waive any of its rights to rely upon the provisions of the said policy, and does not waive any defense it may have to any claimed liability under said policy."

The court held that the foregoing notice was legally insufficient to reserve the insurer's rights under the policy because it did not inform the insured as to the nature of the policy defense the insurer had in mind. In the case before us the letter purporting to give notice to the insured did not state the policy defense which Merit later relied on, but stated only that Gonzales' failure to respond *may* be considered a lack of cooperation under the terms of the policy.

In *Henry v. Johnson, supra,* the insurer sent the following letter to its insured purporting to reserve the insurer's rights under the policy:

"With respect to the automobile accident occurring on December 16, 1957, * * * you are hereby notified that the * * * Company in investigating the said accident * * * or in defending any suit against you or others, *or in undertaking to set aside the judgment entered against you* * * *, or in any other way acting or failing to act, does not waive any of its rights or admit any obligations under the policy.

We are making this reservation of rights because of your failure to comply with the policy conditions entitled '2, Notice of Claim or Suit' and '8, Assistance and Cooperation of the Insured' and for other reasons.

*The service of this notice upon you does not deprive you of any rights you may have against this company.*"

The court held that the foregoing notice was insufficient to save the insurer from the bar of waiver or estoppel in garnishment proceedings. It held that the notice did not clearly disclaim liability or expressly reserve to the insurer the defense of non-coverage.

In the case before us we are presented with a letter which only warns

the insured of the possible consequences of his failure to cooperate with the attorneys in the defense of the suit. The language used in the letter, that the insured's failure to respond "may be considered by the insurance carrier as a lack of cooperation," and that the "insurance carrier can refuse to satisfy judgment" (meaning judgment in the personal injury suit) does not constitute an express disclaimer of liability or an unequivocal reservation of rights.

In *Gallaway v. Schied,* 73 Ill.App.2d 116, 219 N.E.2d 718, the insured failed to attend a scheduled deposition and failed to communicate with the attorneys retained for her by her insurer. The insured had apparently moved from the address listed in the insurance policy and gave her new address as General Delivery, Chicago. Attorneys retained by the insurer sent a letter to both addresses, warning the insured that it was necessary for her to cooperate with them under the terms of the policy and that if she failed to cooperate, they would be forced to withdraw and the insurance company would assume no liability for any judgment entered against her. Also, on the following day the insurer forwarded a reservation of rights letter to the insured, reading as follows:

"We reserve all rights and defenses * * * under the above numbered policy.

We further notify you that any investigation we may undertake or any defense on your behalf * * * does not, and shall not be constituted or considered a waiver of any of our rights * * *."

The court held that the letter, disclaiming liability, reserving all rights and defenses and stating that any further action on behalf of the insured was not to be considered a waiver of rights, constituted a proper reservation of the insurer's rights so as to preclude any claim of waiver of the right to disclaim liability. The letter in *Gallaway* expressly and unequivocally stated the insurer's intention to reserve all rights under the policy, whereas what was said by Merit in the case before us was a warning, not a declaration of intention. The letter sent by Merit did not contain the clear unequivocal language necessary to inform the insured of the company's intention to defend the law suit under a reservation of rights. Merit by not giving its insured adequate notice that it was reserving its rights under the policy and *then* defending the action for the insured, waived the defense of non-cooperation.

We have noted in *Allstate Insurance Co. v. Keller,* 17 Ill.App.2d 44, 48-9, 149 N.E.2d 482, 484, that:

"A contract of automobile liability insurance is more than a simple agreement between two parties that the insurer will indemnify and defend the insured for losses incurred by him in the negligent operation of his automobile. It is a contract which protects both the in-

sured and the public from the hazards of financial distress to which they become victims as a result of engaging in traffic upon our streets and highways."

In *Meirthew v. Last, supra,* at 355, where substantially the same circumstances were involved, the court said, "In no field of law is legal duty more rigidly enforced than in instances as at bar."

The judgment will be affirmed.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.