(687 P.2d 31)

No. 55,707

CHERYL J. ASBURY, *Appellant,* v. LEONARD MAUK and JANE MAUK, *Appellees.*

Opinion filed September 13, 1984.

*Mark T. Jeffers,* of Overland Park, for appellant.

*G. William Hankins,* of Spring Hill, for appellees.

Before SWINEHART, P.J., REES, J., and HARRY G. MILLER, District Judge Retired, assigned.

REES, J.: This is an appeal from a money judgment entered following plaintiff's prosecution of a garnishment proceeding to enforce a money judgment arising out of a residential landlord and tenant dispute. Plaintiff Asbury is the landlord and defendants Mauk are the tenants. Various questions concerning the Kansas garnishment statutes, K.S.A. 60-714 *et seq.,* and the residential landlord and tenant act, K.S.A. 58-2540 *et seq.,* are raised. We will address only one of the denominated issues on appeal because we conclude its resolution is dispositive.

There appear to be no substantial differences as to the presently material facts, most of which we have deduced from the briefs because of the brevity of the record.

Pursuant to a December 12, 1981, written lease, the tenants took possession of the subject premises. The lease was for a term of one year. The agreed monthly rental was $390 to be paid on the 12th day of each month. A required security deposit of $250 was paid by the tenants. The lease included the following provisions:

"Lessee has deposited with Lessor the sum of [$250] as a security deposit for

application against the amount of damages which Lessor may suffer by reason of Lessee's noncompliance with state law and this agreement. THE SECURITY DEPOSIT SHALL BE FORFEITED TO LESSOR IF LESSEE USES OR APPLIES THE SECURITY DEPOSIT AT ANY TIME IN LIEU OF PAYMENT OF RENT, AND LESSOR MAY RECOVER THE RENT DUE IN ADDITION TO RETAINING THE SECURITY DEPOSIT."

Some ten months into the lease term, on October 19, 1982, the landlord served a written notice on the tenants terminating the tenancy for nonpayment of rent. The tenants had paid only $350 of the rent due to be paid September 12. They had failed to pay any of the rent due October 12. They subsequently failed to make the rent payment due November 12.

On November 19, the landlord instituted a forcible detainer action under Chapter 61, Code of Civil Procedure for Limited Actions. The landlord asked for recovery of the $820 in unpaid rent and recovery of possession of the premises. The tenants did not answer. On December 13, a default judgment was entered. It awarded the landlord $820 and recovery of possession. The money judgment was later reduced to $430 because the tenants had paid $390 to the landlord on November 15.

On December 8, five days prior to the entry of the default judgment, the tenants vacated the premises. On about December 14, the day after default judgment was entered, the tenants telephoned the landlord. Application of the $250 security deposit toward satisfaction of the judgment was discussed. The parties do not agree as to the particulars of this conversation, but the landlord asked the tenants to contact the landlord's attorney. The tenants did not contact the attorney until January 13, 1983. The substance of that conversation also is not clear although it appears the attorney rejected an offer or suggestion by the tenants that the $250 deposit held by the landlord be applied to the indebtedness.

One of the tenants had an account at Franklin Savings, Spring Hill, Kansas. As the result of a garnishment order served on it on December 28, 1982, Franklin Savings paid into court $160.50. That sum was subsequently paid out to the landlord.

It appears one tenant was or had been employed at the University of Kansas Medical Center (KUMC). A garnishment order was served on KUMC on January 7, 1983. The answer of KUMC, filed January 26, stated that $180.78 was being held by it. These funds have not been paid in by the garnishee KUMC.

On February 2, tenants filed a pleading entitled "Answer of Defendants and Motion to Dissolve Garnishment." This was the tenants' first appearance of record. The tenants asserted the landlord had failed to return their security deposit or deliver written notice of itemized damages within thirty days after termination of the lease. See K.S.A. 58-2550(b). The tenants asked that they be granted recovery of the $250 deposit, damages in an amount equal to one and one-half times the deposit pursuant to K.S.A. 58-2550(c), and dissolution of the mentioned KUMC garnishment and other garnishment orders that had been issued to Franklin Savings and KUMC in response to requests filed by the landlord on January 27.

On February 8, the landlord's attorney sent to the tenants an itemized list of damages totaling $2,429.97. The tenants also were advised that their $250 security deposit "was forfeited by your use and application of said deposit in lieu of payment of rent."

A hearing on the tenants' motion was held on February 11. No evidence was presented. Counsel for both parties simply presented oral argument, none of which appears in the record on appeal. Legal memoranda were subsequently submitted. Neither memorandum is in the record on appeal. Thereafter, the trial judge issued a memorandum decision. He first found that the tenants' claims concerning the security deposit could properly be raised in proceedings in aid of execution of the landlord's judgment. He then rejected the landlord's claim that the tenants had forfeited their security deposit by applying it toward rent, holding that the forfeiture provision in the lease was not applicable since the landlord's claim for unpaid rent had been reduced to judgment. The trial judge held that the landlord had failed to send tenants a timely notice of itemized damages. He ordered the landlord to return the $250 deposit and pay statutory damages in the amount of one and one-half times the deposit, or $375. Judgment was entered in favor of tenants in the amount of $625, the total of these two sums. The landlord's December judgment of $430, which had become $476.14 with costs and interest added, was offset against the tenants' $625 judgment, leaving $148.86 owing to tenants. That balance was then increased by the $160.50 the landlord obtained through garnishment of the Franklin Savings account. The result is a judgment in

favor of the tenants in the amount of $309.36, and it is from this judgment that this appeal is brought.

The landlord raises four principal issues on appeal: Did the trial judge err when he (1) resolved controverted factual issues without affording the landlord an opportunity to present evidence; (2) permitted the tenants to raise claims in response to the garnishment; (3) held that the tenants were entitled to a refund of their security deposit plus damages on the ground the landlord failed to deliver a timely notice of itemized damages; and (4) ruled that the landlord waived her right to claim damages for failure to send timely notice of damages? Our resolution of the second issue is dispositive of this appeal and eliminates need for discussion of the other issues.

Was it proper to consider the tenants' security deposit claim in the proceeding for enforcement of the money judgment by garnishment? We conclude it was not.

K.S.A. 61-2008(c) delineates the scope of the defenses available to the judgment debtor in a garnishment proceeding prosecuted in a case brought under our Code of Civil Procedure for Limited Actions. In relevant part it provides that "[t]he defendant may . . . defend the proceedings against the garnishee, upon the ground that *the indebtedness of the garnishee,* or any personal property held by him or her, *is exempt* from execution against such defendant, *or for any other reason is not liable to garnishment* . . . ." (Emphasis added.) It is not suggested that the indebtedness of Franklin Savings or KUMC to tenants was exempt. The tenants' authority to raise their claims as a defense to garnishment must arise, if at all, from the nonliability to garnishment "for any other reason" language. (In this regard, see, for example, the exceptions enumerated in K.S.A. 60-724 and, by K.S.A. 61-2012, made applicable to Limited Actions proceedings.)

We hold that the trial judge erred when he permitted the tenants to assert as a garnishment defense the landlord's failure to comply with K.S.A. 58-2550(b), that is, failure to deliver timely notice of itemized damages.

Garnishment in aid of execution is a special statutory remedy. K.S.A. 61-2008(c) allows a defendant to defend a garnishment on the ground that the *property or indebtedness held by the garnishee* is exempt from or not liable to garnishment. The tenants'

claim for security deposit damages is not in the nature of such a defense. That claim of the tenants is in the nature of an independent cause of action separate and apart from the landlord's garnishment claim of entitlement to execution for satisfaction of her money judgment. The immediate legal issues in a garnishment proceeding are whether the garnishee holds any property belonging to or is indebted to the judgment debtor and whether that property or indebtedness, for some reason, is exempt from or not liable to garnishment. The issues in a security deposit claim, on the other hand, involve factual and legal questions surrounding the lease, the tenants' and landlord's conduct, and the Kansas residential landlord and tenant act, and are unrelated to the garnishee or the property or indebtedness it holds or owes.

The nature of the garnishment in this case was in aid of execution. See K.S.A. 60-714. Such garnishment proceedings presuppose a fully litigated and valid judgment in favor of the garnishor in the underlying action. The tenants here are trying to reopen the earlier judgment against them for unpaid rent and to have that judgment set off against a claim for security deposit damages. Garnishment, a judgment creditor's special remedy in aid of execution, is not designed or intended to encompass consideration and resolution of claims extraneous to the garnishment. In *Henry v. Johnson,* 191 Kan. 369, 375, 381 P.2d 538 (1963), an analogous garnishment case, our Supreme Court stated "we do not feel justified in extending the clear import of the statute which contains the substantial form of a garnishee's answer to include the pleading of defenses which are not specifically included therein."

Our decision herein is not prejudicial to the tenants' assertion of claims grounded on their landlord's failure to comply with K.S.A. 58-2550(b). Their claim to the security deposit plus damages did not arise until 30 days after termination of the lease, delivery of possession and demand by the tenants. K.S.A. 58-2550(b). The claim had not accrued at the time the landlord instituted the forcible detainer action. Therefore, the claim was not a compulsory counterclaim under either the residential landlord and tenant act, K.S.A. 58-2561, or the general statute, K.S.A. 60-213. In addition, it is statutorily provided that actions brought under the forcible detainer article of Chapter 61, Code of Civil Procedure for Limited Actions, "shall not be a bar to any

after action brought by either party for claims not included in such judgment." K.S.A. 61-2303.

Because we have decided that the tenants' security deposit claims were improperly asserted and considered in the garnishment proceeding, the other issues raised on appeal need not be decided.

The judgment from which this appeal has been brought is reversed and this case is remanded for reinstatement of judgment in favor of the plaintiff now in the principal amount of $269.50.