KNOBEL & BLOOM *vs.* CORTELL-MARKSON COMPANY.

Androscoggin.   Opinion May 8, 1923.

*A signed communication referring to another unsigned communication, taken together,*
*may be a sufficient memorandum under the Statute of Frauds, and bind the*
*party to be charged whether it was so intended or not.*

In this case the existence of the contract and its terms are fully established.

A sufficient memorandum under the Statute of Frauds may be found to exist in a
signed communication referring to another but unsigned communication, so
that the two when taken together express the trade.

The letter signed by the defendant is none the less effective because it contains an
attempted cancellation of the contract.   The memorandum may bind the party
to be charged whether it was intended to do so or not.   The memorandum was
sufficient.

On exceptions.   This is an action of assumpsit to recover damages
for refusal of defendant to accept thirteen garments which plaintiffs
allege defendant purchased of them.   The defense was cancellation
of the order and also the Statute of Frauds.

The salesman of the plaintiffs, wholesale dealers in ladies' garments
in New York City, on June 15, 1921, visited defendant's place of
business in Lewiston and solicited an order, and plaintiffs allege that
defendant gave to the salesman an order for thirteen garments, and
the salesman made a memorandum of the garments on a blank used
for that purpose and mailed it, unsigned, to the plaintiffs in New York.
On July 26, following, defendant wrote to plaintiffs the following
letter:—"Please cancel the order given your representative, as I will
be in New York shortly and will make a different selection."

The presiding Justice ruled that the written order and the letter
constituted a sufficient memorandum to remove the case from the
Statute of Frauds.   Judgment for $284.25 was entered for plaintiff,
and defendant excepted.   Exceptions overruled.

The case is fully stated in the opinion.

*Pulsifer & Ludden,* for plaintiffs.

*Benjamin L. Berman and Jacob H. Berman,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, DUNN, MORRILL,
DEASY, JJ.

CORNISH, C. J. This is an action of assumpsit on breach of
contract, the plaintiff claiming damages for defendant's refusal to
accept and pay for a shipment of merchandise.

The case was heard by the court without the intervention of a jury.
Therefore, the findings of fact are conclusive, and in this case the
presiding Justice found that the plaintiffs by their salesman solicited
and received from the defendant an unsigned order to the amount of
$562.75 on June 15, 1921, specifying thirteen different styles of
garments selected from plaintiff's samples and lists and directing
shipment on September 1, 1921.

On June 20, 1921, the plaintiffs wrote the defendant: "We beg
to advise that we have today placed in work your order given our
Mr. Salzman on the 15th inst for 17 garments to be shipped Septem-
ber 1st. . . . ." The defendant denied receiving this letter,
but the court found that it did. On July 25, 1921, the defendant
wrote the plaintiff: "Please cancel the order given your representa-
tive, as I will be in New York shortly and will make a selection."
To this the plaintiffs replied on July 27: "We wish to advise that
as per our letter of June 20 this order has been placed in work and is
now in the process of manufacture, therefore, it will be impossible for
us to accept your cancellation. This merchandise has been cut and
made special to your order." The goods were shipped afterwards
to the defendant which refused to receive them, and they were taken
back and sold by the plaintiffs. This action is brought to recover the
net loss which the court found to be $248.25 with interest from date of
the writ.

The defense is the Statute of Frauds, and the decision turns upon
the existence of any memorandum in writing, signed by the party to
be charged, sufficient to take the case out of the statute.

The existence of a contract and its terms are established. The
unsigned order as written out by the salesman, a copy of which he
thinks he gave to the defendant, the court found to embrace the con-
tract. The defendant attempted to set up another provision in the
original trade to the effect that it was agreed that the defendant would
have the right to cancel the order in the event that it found that other

garments could be obtained at cheaper prices and of better style. This the plaintiffs denied and the court found in favor of the plaintiffs on this issue of fact.

The only question then is the existence of a sufficient memorandum. The court found as a fact that the order referred to in the defendant's letter of July 25 was the written order given without signature to the salesman, and ruled as a matter of law that taking that order and this letter together they constitute a sufficient memorandum. To this ruling exceptions were taken, but they cannot be sustained.

No doctrine is more firmly established than that a sufficient memorandum may be found to exist in a signed communication referring to another unsigned communication so that the two when taken together express the trade. "It is sufficient if the letters or other writings signed by the party to be charged, contain by statement or by reference to others of the writings, all the essential parts of the bargain." *Weymouth* v. *Goodwin*, 105 Maine, 510.

The unsigned order is found to contain the full terms of the trade. This letter signed by the defendant recognizes the existence of that order, and is none the less effective because it contains an attempted cancellation of the contract. Benj. on Sales, 4th Ed. Vol. 1, Page 275; *Townsend* v. *Hargraves*, 118 Mass., 335. That is all that is required. The memorandum may bind the party to be charged whether it was intended to do so or not. *McClellan* v. *McClellan*, 65 Maine at 506.

At a later date, September 26, 1921, the defendant wrote to plaintiffs' attorneys a letter in which again it recognizes the existence of a prior contract and says, "I had the privilege to cancel the order, which I did, finding that I could get better goods for my trade, and I fail to see where he can hold me responsible for goods made up when I cancelled the order as agreed upon between the representative and myself."

The terms of the Statute are abundantly satisfied and therefore it cannot be utilized to thwart the legal liability of the defendant under a contract fairly made.

*Exceptions overruled.*