STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-450

ELI BERKOWITZ, AS
TRUSTEE OF TBFW
TRUST,

Plaintiff

v.

MARGARET S. MAREAN
and ERLON H. MAREAN,

Defendants

and

DENIS DANCOES,

Party in Interest

ORDER ON DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

REC'D CUMB CLERKS O
JAN 12 '18 AM 11:30

Before the court is defendants Margaret S. Marean and Erlon H. Marean's motion for summary judgment on plaintiff's complaint. For the following reasons, the motion is granted.

FACTS[1]

Defendant Margaret S. Marean is the owner of real property located at 63 Ossipee Trail East (property) in Standish, Maine. (Defs.' S.M.F. ¶ 2.) Plaintiff Eli Berkowitz is Trustee of the TBFW Trust. (Defs.' S.M.F. ¶ 1.) Party-in-interest Denis Dancoes is a real estate broker with a place of business in Falmouth, Maine. (Defs.' S.M.F. ¶ 3.)

On August, 1, 2014, defendants executed and signed an exclusive right to sell agreement (agency agreement) with Mr. Dancoes. (Defs.' S.M.F. ¶ 4.) Pursuant to the agency agreement,

---

[1] Plaintiff did not reply to defendants' statement of undisputed material facts as required. M.R. Civ. P. 56(h)(2). Defendants' facts contained in their statement of undisputed facts are deemed admitted if properly supported. M.R. Civ. P. 56(h)(4). Plaintiff's discussion of defendants' facts in plaintiff's memorandum does not comply with the rule. Id.; (Pl.'s Mem. 6-8.)

1

defendant Margaret S. Marean granted Mr. Dancoes "the exclusive right to sell or lease the property at the sales or lease price $1,750,000 as agreed between [Mrs. Marean and Mr. Dancoes], or, any other price, terms, or considerations, which [Mrs. Marean] may agree to." (Defs.' S.M.F. ¶ 5.) The term of the agreement was for two years ending on August 1, 2016. (Defs.' S.M.F. ¶ 5.)

The agency agreement did not specify the amount of the deposit that would be acceptable to defendant Margaret S. Marean or what would happen to the deposit in the event of a default or termination. (Defs.' S.M.F. ¶¶ 6-7.) The agency agreement also did not specify whether defendant Margaret S. Marean would accept an offer subject to conditions. (Defs.' S.M.F. ¶ 8.)

On May 5, 2015, defendant Margaret S. Marean sold a portion of the property to Joy Real Estate LLC for $300,000. (Defs.' S.M.F. ¶ 12.) Plaintiff alleges that in June 2016, Mr. Dancoes contacted plaintiff and stated that he was defendant Margaret S. Marean's exclusive agent with authority to sell the unsold portion of the property. (Defs.' S.M.F ¶ 13.) Plaintiff alleges that he agreed to purchase the remaining portion of the property for $1,450,000. (Defs.' S.M.F. ¶ 15.) Mr. Dancoes and plaintiff prepared a purchase and sale agreement (purchase agreement) for the property. (Defs.' S.M.F. ¶ 16.) The purchase agreement contains provisions for a due diligence period, during which plaintiff could elect to terminate the agreement. (Defs.' S.M.F. ¶¶ 23-25.) The closing was to take place within ninety days following the Town of Standish approvals for development of the property or eighteen months from the date of the purchase agreement. (Defs.' S.M.F. ¶ 21.)

In his September 27, 2017 affidavit submitted in this case, Mr. Dancoes stated that he offered to sell the unsold portion of the property to plaintiff, plaintiff accepted Mr. Dancoes's offer, there was a meeting of the minds, and a contract was formed. (Pl.'s Opp. S.M.F. ¶¶ 7, 11,

2

12.) In Mr. Dancoes's September 11, 2017 affidavit submitted in his own case against defendants, Mr. Dancoes stated he presented an offer from Mr. Berkowitz to defendants. (Defs.' Reply to Add. S.M.F. ¶ 7; Denis Dancoes d/b/a The Dancoes Co. v. Margaret S. Marean and Erlon H. Marean, Docket No. CV-16-327, Cumberland County Superior Court.)

Mr. Dancoes did not sign the purchase agreement. (Defs.' S.M.F. ¶ 18.) The purchase agreement contains a written notation stating, "I Margaret S. Marean reject this offer." (Defs.' S.M.F. ¶ 19.) Defendant Margaret S. Marean signed the purchase agreement at the bottom and outside the signature block. (Defs.' S.M.F. ¶ 19.)

PROCEDURE

Plaintiff filed a complaint on November 15, 2016. In the complaint, plaintiff alleges one count of breach of contract and seeks an order of specific performance requiring the defendants to sell the unsold portion of the property to plaintiff pursuant to the purchase agreement. On December 7, 2016, defendants filed a motion to dismiss. The court denied the motion on February 3, 2017. On May 30, 2017, defendants filed a motion for summary judgment. Pursuant to a scheduling order filed October 11, 2017, plaintiff filed an objection to defendants' motion on October 25, 2017. On November 2, 2017, defendants filed a reply to plaintiff's objection.

STANDARD OF REVIEW

Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c).

DISCUSSION

Defendants argue that no genuine issue of material fact exists concerning whether (1) the statute of frauds bars plaintiff's claim; (2) a contract exists; and (3) Mr. Dancoes had authority to bind defendant Margaret S. Marean to the purchase agreement. Plaintiff argues a genuine issue

3

of material fact exists concerning each of these three issues. Because the statute of frauds bars plaintiff's claim, the court addresses the first argument only.

Defendants argue that plaintiff's claim for breach of contract is barred by the statute of frauds because there is no writing signed by defendant Margaret S. Marean, or an authorized agent, evincing her assent to the terms of the purchase agreement. Plaintiff argues the statute of frauds does not bar the proceeding because defendant Margaret S. Marean signed the agency agreement authorizing Mr. Dancoes to list the property and find a buyer. Plaintiff asserts that, despite defendant Margaret S. Marean's express rejection, the purchase agreement, when read together with the signed agency agreement, forms a sufficient memorandum of the contract.

The statute of frauds states: "no action shall be maintained . . . upon any contract for the sale of lands . . . unless the promise, contract, or agreement on which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith, or by some person thereunto lawfully authorized." 33 M.R.S. § 51 (2016). To satisfy the statute of frauds, the memorandum must contain, either within itself or through reference to other writings, all essential terms of the contract; missing terms may not be supplied by parol evidence. Gagne v. Stevens, 1997 ME 88, ¶ 9, 696 A.2d 411 (Me. 1997). These terms include: identification of the parties and the property, the purchase price, the amount of the down payment, financing arrangements, and the time in which to complete the transaction. McClare v. Rocha, 2014 ME 4, ¶ 19, 86 A.3d 22; Sullivan v. Porter, 2004 ME 134, ¶ 14, 861 A.2d 625; Barrett v. Greenall, 139 Me. 75, 78, 27 A.2d 599, 600 (1942). The sufficiency of a writing for the purposes of the statute of frauds is determined as a matter of law. Gagne, 1997 ME 88, ¶ 8, 696 A.2d 411.

In this case, the agency agreement does not contain all essential terms of the contract; the

4

agreement does not identify the parties to the purported contract, the amount of the deposit, the closing period of the contract, or the financing arrangements. The agency agreement is insufficient to satisfy the statute of frauds. See id.; MacKnight v. Pansey, 412 A.2d 236, 241 (R.I. 1980) (holding a signed real estate listing agreement did not meet the criteria for memoranda of sales of land required by the statute of frauds).

The purchase agreement cannot supply the terms missing from the agency agreement because defendant Margaret S. Marean expressly rejected those terms. Further, the purchase agreement did not exist at the time the agency agreement was signed and is not referenced in the agency agreement. See Gagne, 1997 ME 88, ¶ 9, 696 A.2d 411; cf. Knobel & Bloom v. Cortell-Markson Co., 122 Me. 511, 513, 120 A. 721, 721 (1923) (holding a signed letter referencing a prior unsigned written agreement satisfied the statute of frauds).

Plaintiff also argues that the statute of frauds does not bar plaintiff's claim because Mr. Dancoes has acknowledged the existence of an agreement to sell the property. Because Mr. Dancoes was acting as defendants' agent, plaintiff argues, there is no danger the purpose of the statute of frauds will be defeated and that defendants will be victims of a false or fraudulent claim.

The doctrine of judicial admissions holds that where a party against whom enforcement is sought admits in a pleading, testimony or otherwise in court that a contract was made, a signed writing is not necessary to enforce the contract against the admitting party despite the contract falling within the statute of frauds. See 11 M.R.S. 2-201(3)(b) (2017); Dehahn v. Innes, 356 A.2d 711, 717-18 (Me. 1976). The Law Court has applied the doctrine to cases involving the sale of land. Dehahn, 356 A.2d at 718 (holding that "the salutary principle embodied in [the U.C.C.'s judicial admission exception] applicable to a contract for the sale of goods alone should apply

equally to [a] contract involving both goods and real estate"); Douglas v. Snow, 77 Me. 91, 93 (1885) (defendants "having admitted [a land sale] agreement valid at common law, and thereby avoided the mischief against which the statute [of frauds] was directed, no evidence of its terms is necessary").

Judicial admissions can be binding on a principal when made by an agent. Litzenberg v. Litzenberg, 514 A.2d 476, 480 (Md. 1986). To be attributed to the principal, an agent's admission must be made during the existence of the agency relationship. Franklin Bank v. Steward, 37 Me. 519, 534 (1853); Litzenberg, 514 A.2d at 480; Spencer v. Duluth Auto Supply Co., 191 N.W. 39, 40 (Minn. 1922); Associated Home & RV Sales, Inc. v. R-Vision, Inc., No. CIV-05-119, 2006 U.S. Dist. LEXIS 95631, at *35 (D. N.M. July 13, 2006). In this case, Mr. Dancoes's purported agency relationship[2] with defendants ended when the two-year term of the agency agreement ended on August 1, 2016. Admissions by Mr. Dancoes made during his testimony in court would not be judicial admissions attributable to defendants. Mr. Dancoes's affidavit offered by plaintiff does not therefore raise a genuine issue of material fact regarding defendants' acknowledgement of a contract created by the purchase agreement. Further, as the alleged agent of defendants, Mr. Dancoes "will not be permitted to create an issue of material fact in order to defeat a summary judgment motion simply by submitting an affidavit disputing his own prior sworn testimony." Zip Lube v. Coastal Sav. Bank, 1998 ME 81, ¶ 10, 709 A.2d 733.

CONCLUSION

Plaintiff has failed to raise a genuine issue of material fact with regard to the existence of

---

[2] The agency agreement does not contain a statement that the agreement creates an agent-client relationship. It appears unlikely that the agency agreement would have created an agency relationship giving Mr. Dancoes authority to contract on defendants' behalf. See 32 M.R.S. §§ 13177-A(2)(E), 13282 (2016). See also MacKnight, 412 A.2d at 239 (rejecting the argument that an exclusive listing agreement gives a broker authority to enter into a contract for the sale of the seller's property.)

a writing that satisfies the requirements set forth by 33 M.R.S. § 51. Plaintiff cannot, therefore, maintain an action on a contract for the sale of land.

The entry is

> Defendants' Motion for Summary Judgment is GRANTED. Judgment is entered in favor of Defendants Margaret S. Marean and Erlon H. Marean and against Plaintiff Eli Berkowitz, as Trustee of TBFW Trust, on Plaintiff's Complaint.

Date: January 11, 2018

Nancy Mills
Justice, Superior Court

7

   

ase Search  Open Financials  Print Docket  Reports/Forms

Filter attorneys for party:  - All Parties -

| Attorney | Party | Representation Type | Representation D |
|----------|-------|---------------------|------------------|
| Weliver, Lauren | Margaret S Marean - 2... | Retained | 12/07/2016 |
| Weliver, Lauren | Erlon H Marean - 3 Def... | Retained | 12/07/2016 |
| Mcgehee, Peggy | Margaret S Marean - 2... | Retained | 12/07/2016 |
| Mcgehee, Peggy | Erlon H Marean - 3 Def... | Retained | 12/07/2016 |
| Bryant, Timothy | Tbfw Trust - 5 Plaintiff | Retained | 11/15/2016 |
| Bryant, Timothy | Eli Berkowitz (Trustee... | Retained | 11/15/2016 |

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-450

ELI BERKOWITZ, AS TRUSTEE
OF TBFW TRUST,

Plaintiff

v.

MARGARET S. MAREAN and
ERLON H. MAREAN,

Defendants

ORDER ON DEFENDANTS'
MOTION TO DISMISS

STATE OF MAINE
Cumberland. ss. Clerk's Office

FEB 03 2017

RECEIVED

Before the court is defendants Margaret and Erlon Marean's motion to dismiss plaintiff Eli Berkowitz's complaint for breach of contract. For the following reasons, the motion is DENIED.

FACTS

According to the allegations in the complaint, on August 1, 2014, defendants entered into an agency agreement with party in interest Denis Dancoes, a real estate broker, to sell defendants' real property located at 65-60 Ossipee Trail East in Standish, Maine. (Pl.'s Compl. ¶ 6.) The agency agreement had a term of 24 months and gave Mr. Dancoes the exclusive right to sell defendants' property for $1,750,000.00, or at "any other price, terms or consideration, which [defendants] may agree to." (Id. ¶¶ 7, 9.) The agency agreement further provided that defendants would pay Mr. Dancoes a commission of 10 percent of the sale price. (Id. ¶ 8.)

In February 2015, a portion of the property was sold to Joy Real Estate, LLC for $300,000.00. (Id. ¶ 10.) In June 2016, Mr. Dancoes contacted plaintiff and represented that he

1

was the defendants' exclusive agent with authority to sell defendants' property. (Id. ¶ 11.) Plaintiff agreed to purchase the unsold portion of the property for $1,450,000.00. (Id. ¶ 12.) Plaintiff signed a purchase and sale agreement and paid a $10,000.00 deposit. (Id. ¶ 13.) Defendants have refused to go forward with the sale. (Id. ¶ 14.)

Plaintiff filed a complaint on November 15, 2016. In the complaint, plaintiff alleges one count of breach of contract and seeks specific performance of the purchase and sale agreement. On December 7, 2016, defendants filed an answer and a motion to dismiss. Plaintiff filed an objection to the motion to dismiss on December 22, 2016. Defendants filed a reply on December 28, 2016.

DISCUSSION

1. Standard of Review

A party may raise an affirmative defense, such as the statute of frauds, by a motion to dismiss if facts giving rise to the defense are apparent on the face of the complaint. M.R. Civ. P. 8(c); Gray v. TD Bank, N.A., 2012 ME 83, ¶ 10, 45 A.3d 735. When reviewing a motion to dismiss for failure to state a claim, the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." Saunders v. Tisher, 2006 ME 94, ¶ 8, 902 A.2d 830. The court treats the facts in the complaint as admitted. Doe v. Graham, 2009 ME 88, ¶¶ 2-3, 977 A.2d 391.

2. Motion to Dismiss

Defendants argue that plaintiff's claim is barred by the statute of frauds because plaintiff has not alleged the existence of a signed writing between plaintiff and defendants. (Defs.' Mot. Dismiss 2-4.) Maine's statute of frauds provides in part:

2

> No action shall be maintained . . . [u]pon any contract for the sale of lands . . . unless the promise, contract or agreement on which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith, or by some person thereunto lawfully authorized . . .

33 M.R.S. § 51(4) (2016). Plaintiff alleges that defendants and Mr. Dancoes entered into an agency agreement, which gave Mr. Dancoes the exclusive right to sell defendants' property. (Pl.'s Compl. ¶¶ 6-7.) Plaintiff further alleges that he entered into a purchase and sale agreement with Mr. Dancoes. (Id. ¶¶ 9, 11-13, 17.) If true, these facts may allow plaintiff to show that defendants are bound by the purchase and sale agreement. See Restatement (Second) of Contracts § 135 cmt. b (1981) ("A memorandum may be signed by an agent of a party with the same effect as if the party had signed personally."); see also Fitzgerald v. Hutchins, 2009 ME 115, ¶ 11, 983 A.2d 382 ("When an agent acting with actual or apparent authority makes a contract on behalf of a disclosed principal . . . the principal and the third party are parties to the contract . . .") (quoting Restatement (Third) of Agency § 6.01 (2006)).

Defendants also argue that the complaint does not allege the existence of a written agreement between plaintiff and Mr. Dancoes. (Defs.' Mot. Dismiss 2-4; Defs.' Reply 1.) The complaint alleges the existence of a written agreement by alleging that plaintiff entered into an agreement with Mr. Dancoes and that plaintiff signed the agreement. (Pl.'s Compl. ¶¶ 13, 17.) The fact that the complaint does not explicitly allege that Mr. Dancoes signed the agreement does not require the court to dismiss the complaint. See Howe v. MMG Ins. Co., 2014 ME 78, ¶ 9, 95 A.3d 79 (notice pleading standard is "forgiving"); Saunders, 2006 ME 94, ¶ 8, 902 A.2d 830 ("Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim.").

3

CONCLUSION

Plaintiff's complaint will not be dismissed because plaintiff has alleged the existence of an agency agreement between defendants and Mr. Dancoes, and the existence of a purchase and sale agreement between Mr. Dancoes and plaintiff.

The entry is

Defendants' Motion to Dismiss is DENIED

Date: February 3, 2017

Nancy Mills
Justice, Superior Court

4